## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC ) <br> ROPES & GRAY, LLP ) <br> PHELPS DUNBAR, LLP ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, ) <br> ) <br> Defendant. ) | Case Number: 1:07CV00446 |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs respectfully move for summary judgment pursuant to Fed. R. Civ. P. 56(a) on its claim to compel Defendant United States Department of the Interior to produce records improperly withheld under the Freedom of Information Act, 5 U.S.C. § 552, that relate to an off-reservation casino project in Jackson County, Mississippi that has been proposed by the Mississippi Band of Choctaw Indians.

Whether these documents must be produced under FOIA is a question of law on which no material facts are in dispute. FOIA requires agencies to release promptly properly requested records. Without explanation and with significant delay, Defendant is withholding records properly requested by Plaintiff.

Accordingly, Plaintiff's Motion for Summary Judgment should be granted. In support of its motion, Plaintiff submits the attached (i) Memorandum in Support of Motion for Summary Judgment; (ii) Statement of Material Facts; (iii) Declaration of John B. Shortess, and (iv) Declaration of Ryan M. Malone.

Dated: March 29, 2007                                    Respectfully submitted,


                                                         ___/s/_____
                                                         David O. Stewart
                                                         D.C. Bar No. 336339
                                                         Peter M. Brody
                                                         D.C. Bar No. 398717
                                                         ROPES & GRAY, LLP
                                                         700 Twelfth Street, N.W.
                                                         Suite 900
                                                         Washington, DC 20005
                                                         (202) 508-4600

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC ) <br> ROPES & GRAY, LLP ) <br> PHELPS DUNBAR, LLP ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, ) <br> ) <br> Defendant. ) <br> ) | Case Number: 1:07CV00446 |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case seeks release under the Freedom of Information Act, 5 U.S.C. § 552, of records relating to an off-reservation casino project proposed by the Mississippi Band of Choctaw Indians (the "Tribe") for the Gulf Coast of Mississippi.  Without explanation, Defendant United States Department of the Interior ("DOI" or "the Department") is withholding responsive records.   The Department's failure to produce those records is restricting the public discussion of this controversial casino project, which would be built almost two hundred miles from the Tribe's reservation (and two existing casinos) in northern Mississippi.  Because there are no disputed facts in this case, Plaintiffs request that the Court grant summary judgment compelling Defendant to produce these records.

## BACKGROUND

**The Proposed Off-Reservation Casino Project**

The Mississippi Band of Choctaw Indians has proposed to build a $375 million casino in Jackson County, Mississippi almost 200 miles away from the Tribe's reservation in Northern Mississippi, where it currently operates two highly successful casinos.  This proposed casino would be the first gaming facility in Jackson County, and would include 1,100 hotel rooms, 2,350 slot machines, 70 table games, and a restaurant seating 400 patrons.  Located on 100 acres near the intersection of Interstate 10 and Mississippi 57, it would be the first gaming destination encountered by motorists entering Mississippi from Alabama and Florida.  Consequently, the proposed off-reservation casino will divert customers from the  commercial casinos located on the Gulf Coast, and thereby will divert the state and local tax revenues those customers generate.

Because the proposed project is not on the Tribe's reservation – indeed, it is a three-hour drive away in a different part of the state – it must be approved by federal and state officials under a narrow exception in the Indian Gaming Regulatory Act.  The first public notice of the proposed off-reservation casino came in the Federal Register on October 3, 2006.  71 Fed. Reg. 58,427 (Oct. 3, 2006).   In response to the Tribe's proposal, a  referendum is likely to be held in Jackson County in autumn 2007 to ask residents whether gambling should be permitted in the county.  Without the information about this project that the Department is withholding, neither the public nor state and local officials can make fully informed decisions about the important questions raised by this proposal.

**The FOIA Requests**

On August 3, 2006, Ropes & Gray submitted by facsimile a Freedom of Information Act ("FOIA") request on behalf of a member of Coast Businesses for Fair Play ("CBFP") to the Department's FOIA Officer in Washington, D.C. The request asked for information relating to any request by the Mississippi Band of Choctaw Indians that the Department take lands in the state of Mississippi into trust on behalf of the Tribe and specifically requested the following documents:

- Any application or request by the Tribe seeking to have the Department recognize the Tribe or take lands into trust on behalf of the Tribe.

- Any application or request by the Tribe seeking to have the Department designate any lands as reservation land.

- Any correspondence between the Tribe and the Department relating to any request by the Tribe that the Department recognize the Tribe, take land into trust on the Tribe's behalf, or designate any lands as part of the Tribe's reservations.

- Any submissions, studies, memoranda, or reports relating to any request by the Tribe that the Department recognize the Tribe, take land into trust on the Tribe's behalf, or designate any lands as a tribal reservation.

The request also stated that costs and expenses up to $500 would be paid, and asked the Department to contact Ropes & Gray if costs associated with the response would exceed that amount. Exhibit A to Malone Declaration.

The Department never responded to this request, effectively denying it under 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(C).

On October 3, 2006, the Department issued the notice in the Federal Register of its intent to prepare an environmental impact statement for the Choctaw's proposed casino project. 71 Fed. Reg. 58,427 (Oct. 3, 2006). Two weeks later, a initial public hearing on the proposed Choctaw casino was held by the Department on October 18, 2006, in Ocean Springs, Mississippi. Although approximately 400 citizens attended the hearing, their ability to comment on the proposal was greatly limited by DOI's failure to release the materials requested on August 3.

In the face of the Department's failure to respond to the August 3 FOIA request, on October 26, 2006, Phelps Dunbar submitted a FOIA request on behalf of CBFP to the Department's FOIA Coordinator in Nashville, TN, asking for all information relating to the Tribe's proposed land transfer and casino project in Jackson County, which were described in the Federal Register on October 3, 2006. Exhibit A to Shortess Declaration. John Shortess, a lawyer with Phelps Dunbar who signed the request, discussed with the BIA FOIA Coordinator in Nashville, Tennessee what documents would be responsive and what fees might be charged. Shortess Declaration, ¶ 2.

On November 1, 2006, the Department provided a mere 13 pages of material in response to the October 26, 2006 FOIA request. That the Department had withheld a number of responsive documents was apparent in light of several facts, including that (i) the few documents produced describe attachments that were not provided; (ii) in conversation with counsel for CBFP, the FOIA Coordinator described documents that were not provided (Declaration of John B. Shortess, ¶ 4); and (iii) similar applications for other tribal casino projects have included far more extensive materials. Exhibit B to Shortess Declaration. The Department, however gave no reasons for withholding other responsive materials.

On November 9 and 15, 2006 John Shortess left voice messages with the FOIA Coordinator asking to speak about the Department's response, but the Department never returned those calls. Shortess Declaration ¶¶ 5-8. Phelps Dunbar then submitted a follow-up letter to the FOIA Coordinator in Nashville on November 17, 2006, pressing the Department for further materials responsive to the October 26, 2006 request. Exhibit C to Shortess Declaration. The Department has not responded to that letter.

**The FOIA Appeal**

On December 1, 2006, plaintiffs filed an administrative appeal of the Department's non-response to both the August 3, 2006 and October 26, 2006 FOIA requests. Exhibit D to Shortess Declaration. By letter dated December 18, 2006, the Department acknowledged receipt of the appeal relating to the August 3, 2006 FOIA request. Exhibit B to Malone Declaration. By separate letter dated January 8, 2007, the Department acknowledged receipt of the appeal as it relates to the October 26, 2006 FOIA request. Exhibit E to Shortess Declaration. The Department, however, made no determination on the appeals within the twenty-day time limit required by FOIA, effectively denying the appeal under 5 U.S.C. § 552(a)(6)(A)(ii). Therefore, plaintiffs exhausted administrative remedies as of January 4, 2007. 5 U.S.C. § 552(a)(6)(C).

By letter dated January 12, 2007 – after the time limit to respond to the appeal had expired – the Department alleged that it had never received the August 3, 2006 request and therefore had no duty to respond to it. The Department announced that it was closing the administrative appeal of that request, which would be processed as a new FOIA request. Exhibit C to Malone Declaration.

By letter dated January 23, 2007, Ropes & Gray advised the Department that the August 3 FOIA request was properly submitted by facsimile and – contrary to the Department's

claims – had been received by the agency. This letter attached a copy of the facsimile transmission confirmation for the August 3 request, which shows that the transmission was successful. Exhibit D to Malone Declaration. On January 29, 2007, the Department sent a letter acknowledging both the filing of the request on August 3, 2006, and the Department's delay in responding to it. The Department stated that it would process the request, but Plaintiffs still have not received a response. Exhibit E to Malone Declaration.

Because this appeal is directly related to developing matters of public importance, the information the Department is withholding should be disclosed without any further delay. Plaintiffs have properly exhausted their administrative remedies and the Department no longer claims that it did not receive either FOIA request, yet it has made no substantive response to either of them, or to the appeal.

**ARGUMENT**

1.    **The Freedom of Information Act mandates that the Department of the Interior
      *promptly* release *all* properly requested records.**

The Supreme Court has insisted that FOIA incorporates a philosophy of full agency disclosure because the purpose behind FOIA is to open agency action to public scrutiny. *United States Dep't of Air Force. v. Rose*, 425 U.S. 352, 360-61 (1976), *cited by Nat'l Assoc. of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002). Indeed, FOIA aims at ensuring an informed citizenry, which is vital to the functioning of a democratic society by working to check against corruption and to hold the government accountable. *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978), *cited by Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).

FOIA also requires *prompt* disclosure of properly requested records.  Requests for information must be honored in time for that information to be useful.  *Nishnic v. United States Dep't of Justice*, 671 F.Supp 776, 791 (D.D.C. 1987).  To that end, FOIA requires an agency to respond to a request or appeal within 20 business days.  5 U.S.C. §§ 552(a)(6)(A).

To trigger FOIA's broad disclosure requirements, the statute requires only that the requestor reasonably describe the records and make the request in accordance with published rules and procedures.  5 U.S.C. § 552(a)(3).  The Department's published rules and procedures require that the FOIA request be made in writing, reasonably describe the records sought, state the amount of fees willing to be paid, and provide a return mailing address.  24 C.F.R. § 2.8 (2002).

## 2.    Plaintiffs have complied with FOIA's requirements by reasonably describing the records sought and properly submitting their requests.

The undisputed facts show that Plaintiff's FOIA requests were clear in their description of records sought, and satisfied the Department's procedures.  In its August 3 request, Ropes & Gray clearly outlined its request for documents related to any request by the Mississippi Choctaw Indians that the Department take lands in Mississippi into trust on behalf of the Tribe, and outlined specific documents that may be responsive.  The request stated that fees up to $500 would be paid, and it was successfully submitted by facsimile.

In its October 26 request, Phelps Dunbar also clearly requested materials relating to the Tribe's proposed land transfer and casino project.  John Shortess spoke with the FOIA Coordinator about the specific documents that would be responsive and the fees that might be charged.  There is no question that this request was properly submitted, as the Department responded, although inadequately, to it.

By reasonably describing the records sought and properly submitting their requests, Plaintiffs have satisfied FOIA's requirements for submitting requests.

**3.    The Department has not complied with FOIA's requirements because it has not responded promptly or completely.**

The Department's only response to the two FOIA requests has been the production of 13 pages of material in response the October 26 request. The Department failed even to provide attachments to those 13 pages, which are described within the few pages it produced. The Department did not respond to voice messages left with the Department's BIA FOIA Coordinator in Nashville, Tennessee on November 9, 2006 and November 15, 2006, and has not responded to the November 17, 2006 follow-up letter sent to the Nashville office. Declaration of John B. Shortess, ¶¶ 5-10.

The Department has not responded to the appeal as it relates to the October 26, 2006 request. Because Plaintiffs have exhausted their administrative remedies, this Court has jurisdiction over the October 26 request under 5 U.S.C. § 552.

This Court plainly has jurisdiction over the August 3 FOIA request, as well. The Department no longer asserts that it did not receive that request. Indeed, the Department's regulations specify that FOIA requests may be submitted by fax, as was done with the August 3 request. 43 C.F.R. § 2.7(a). That the Department received the fax transmission is confirmed by documentary proof, and was acknowledged by the Department in its January 29, 2007 letter. Exhibits D and E to Malone Declaration.

In any event, the Department did not mention its supposed inability to find the August 3 FOIA request until six weeks after CBFP filed its administrative appeal (which attached the August 3 request) – *after* the Department acknowledged receipt of the appeal and *after* the time

for deciding the appeal had expired.  The Department should not be allowed to rely on its own errors to impose further delays on the public disclosure of this important information.  *Cf. Salas v. Raemisch*, 238 F.R.D. 235, 240 (W.D. Wis. 2006) (private party should not "suffer[] adverse consequences from the agency's mistake").  (Also the Department has never claimed any difficulty in finding the October 26 request.)

4.     **The Freedom of Information Act's limited exceptions to disclosure do not apply to Plaintiff's requests.**

The Supreme Court has held that the disclosure requirements of FOIA are very broad and that the statute's limited exceptions should be construed narrowly, so they do not obscure the dominant objective of disclosure.  *Dep't of the Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 7-8 (2001).  *Dep't of Justice* v. *Tax Analysts*, 492 U.S. 136, 151 (1989); *Fed. Bureau of Investigation* v. *Abramson,* 456 U.S. 615, 630 (1982); *Dep't of the Air Force* v. *Rose*, 425 U.S. 352, 361 (1976).  When an exception to disclosure does apply, FOIA still requires an agency to provide all reasonably segregable portions of the requested records after deletion of the exempt portions.  5 U.S.C. § 552(b).

The Department has not asserted that any of the requested records is subject to an exception under 5 U.S.C. § 552(b), nor has it offered any justification for its long delay in responding.  Accordingly, there is no basis for denying summary judgment in this case.

## CONCLUSION

The Court should therefore grant Plaintiffs' Motion for Summary Judgment, compelling the Department to hand over all additional responsive records immediately.

Dated: March 29, 2007                                              Respectfully submitted,


                                                                  ___/s/_____
                                                                  David O. Stewart
                                                                  D.C. Bar No. 336339
                                                                  Peter M. Brody
                                                                  D.C. Bar No. 398717
                                                                  ROPES & GRAY LLP
                                                                  700 Twelfth Street, NW
                                                                  Suite 900
                                                                  Washington, DC 20005
                                                                  (202) 508-4600

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of March, 2007, a true copy of the following

documents were filed electronically:  Plaintiffs' Motion for Summary Judgment, Memorandum

in Support of Plaintiffs' Motion for Summary Judgment, Statement of Material Facts in Support

of Plaintiffs' Motion for Summary Judgment, Declaration of Ryan M. Malone in Support of

Plaintiffs' Motion for Summary Judgment, and Declaration of John B. Shortess in Support of

Plaintiffs' Motion for Summary Judgment.  Notice of this filing will be sent by e-mail to all

parties by operation of the Court's electronic filing system.  Parties may access this filing through

the Court's system.


_/s/_____
Peter M. Brody

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC | ) | |
| ROPES & GRAY, LLP | ) | |
| PHELPS DUNBAR, LLP | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | Case Number: 1:07CV00446 |
| v. | ) | |
|  | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | |
| INTERIOR, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Submitted pursuant to Local Rule 7(h), the following are material facts believed not to be in dispute:

1. On August 3, 2006, Ropes & Gray submitted by facsimile a Freedom of Information Act ("FOIA") request on behalf of a Coast Businesses for Fair Play ("CBFP") member business to the Department of the Interior ("the Department") FOIA Officer in Washington, D.C.  (Malone Declaration, Exhibit A)

2. On December 1, 2006, an appeal regarding the August 3 request was submitted to the Department's FOIA Appeals Officer.  (Shortess Declaration, Exhibit D)

3. In a letter dated December 18, 2006, and received December 21, 2006, the Department acknowledged receipt of the appeal as it relates to the August 3 FOIA request. (Malone Declaration, Exhibit B)

4.  In a letter dated January 12, 2007, and received January 16, 2007, the Department
    responded to the appeal by alleging that the August 3 request was never received by the
    Department, and stating that the files on the appeal would be closed. (Malone
    Declaration, Exhibit C)

5.  On January 23, 2007, Ropes & Gray responded to the Department in a letter stating that
    the FOIA request was submitted to Ms. Terri Musgrove by fax at (202) 208-5206 on
    August 3, 2006 at 15:54, and attached a copy of the fax transmission confirmation, which
    shows that the transmission was successful.  (Malone Declaration, Exhibit D)

6.  In a letter dated and received by facsimile on January 29, 2007, the Department
    acknowledged receipt of the request originally dated August 3, 2006, as well as the delay
    in responding to it.  (Malone Declaration, Exhibit E)

7.  The Department still has made no substantive response to the August 3 request.

8.  On October 26, 2006, Phelps Dunbar submitted a FOIA request on behalf of CBFP to the
    Department's BIA FOIA Coordinator in Nashville, TN.  (Shortess Declaration, Exhibit
    A)

9.  A Phelps Dunbar attorney spoke by telephone on October 26 and 27, 2006 with the
    Department's BIA FOIA Coordinator in Nashville regarding fees and the amount of
    responsive documents related to this request.  (Shortess Declaration, Para. 2)

10. On November 1, 2006, the Department responded to the October 26 request by providing
    13 pages of responsive documents.  (Shortess Declaration, Exhibit B)

11. The Department's response did not include responsive documents that the Department's
    BIA FOIA Coordinator described during conversations regarding the request, or

documents referenced in the documents that were included in the response. (Shortess Declaration, Para. 4)

12. On November 17, 2006, Phelps Dunbar submitted a follow-up letter to the Department explaining that it believed the Department's response was incomplete and asking the BIA FOIA coordinator to contact it to discuss the Department's response to the October 26 request. (Shortess Declaration, Exhibit C)

13. The Department did not respond to the November 17, 2006 follow-up letter.

14. On December 1, 2006, an appeal regarding the October 26 request was submitted to the Department's FOIA Appeals Officer. (Shortess Declaration, Exhibit D)

15. In a letter dated January 8, 2007, and received January 10, 2007, the Department acknowledged receipt of the appeal as it relates to the October 26 request. (Shortess Declaration, Exhibit E)

16. The Department has not responded to the appeal as it relates to the October 26 request or offered any further response to that request since its November 1 letter.

Dated: March 29, 2007                                    Respectfully submitted,


                                                        __/s/_____
                                                        David O. Stewart
                                                        D.C. Bar No. 336339
                                                        Peter M. Brody
                                                        D.C. Bar No. 398717
                                                        ROPES & GRAY, LLP
                                                        700 Twelfth Street, N.W.
                                                        Suite 900
                                                        Washington, DC 20005
                                                        (202) 508-4600

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC ) <br> ROPES & GRAY, LLP ) <br> PHELPS DUNBAR, LLP ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, ) <br> ) <br> Defendant. ) <br> ) | Case Number: 1:07CV00446 |

## DECLARATION OF RYAN M. MALONE
## IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Ryan M. Malone, make the following declaration pursuant to 28 U.S.C. § 1746:

1. On August 3, 2006, I submitted by facsimile a Freedom of Information Act ("FOIA") request on behalf of a Plaintiff Coast Businesses for Fair Play ("CBFP") member business to the Department of the Interior ("the Department") FOIA Officer in Washington, D.C. (Exhibit A)

2. The Department has not responded to this request.

3. On December 1, 2006, an appeal regarding this request was submitted to the Department's FOIA Appeals Officer. (Shortess Declaration, Exhibit D)

4. In a letter dated December 18, 2006, and received December 21, 2006, the Department acknowledged receipt of the appeal as it relates to the August 3, 2006 FOIA request. (Exhibit B)

5. In a letter dated January 12, 2007, and received January 16, 2007, the Department responded to the appeal by alleging that the request was never received by the Department, and stating that the files on the appeal would be closed. (Exhibit C)

6. On January 23, 2007, I responded to the Department in a letter stating that I submitted the FOIA request to Ms. Terri Musgrove by fax at (202) 208-5206 on August 3, 2006 at 15:54, and attached a copy of the fax transmission confirmation, which shows that the transmission was successful. (Exhibit D)

7. In a letter dated and received by facsimile on January 29, 2007, the Department acknowledged receipt of the request originally dated August 3, 2006, as well as the delay in responding to it. (Exhibit E)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/27/07
Washington, DC

(Signature): _Ryan M. Malone_
Ryan M. Malone

# MALONE EXHIBIT A

JOB STATUS REPORT

```
TIME : 08/03/2006 15:55
NAME :
FAX# : 2026266110
TEL# : 2026266010
```

```
DATE,TIME              08/03  15:54
FAX NO./NAME           92022085206
DURATION               00:00:32
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```





ROPES & GRAY LLP

ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650

BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

## FAX TRANSMITTAL LETTER

**IMPORTANT**: PLEASE DELIVER THIS DOCUMENT IMMEDIATELY!

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL: 202-508-4600

TOTAL NUMBER OF PAGES INCLUDING THIS TRANSMITTAL LETTER: 3

| **Name** | **Firm/Company** | **Fax Number** | **Phone Number** |
|---|---|---|---|
| To:   Ms. Terri Musgrove | US Dept of the Interior | (202) 208-5206 | (202) 208-6503 |

From:   Ryan M. Malone

Comments:



**ROPES & GRAY**

ROPES & GRAY LLP

ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650

BOSTON      NEW YORK      PALO ALTO      SAN FRANCISCO      WASHINGTON, DC      www.ropesgray.com

## FAX TRANSMITTAL LETTER

**IMPORTANT**: PLEASE DELIVER THIS DOCUMENT IMMEDIATELY!

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL: 202-508-4600

TOTAL NUMBER OF PAGES INCLUDING THIS TRANSMITTAL LETTER: 3

| **Name** | **Firm/Company** | **Fax Number** | **Phone Number** |
|---|---|---|---|
| To:   Ms. Terri Musgrove | US Dept of the Interior | (202) 208-5206 | (202) 208-6503 |

From:   Ryan M. Malone

Comments:

| | |
|---|---|
| Date: August 3, 2006 | Time: 3:43 PM |
| File Symbol: CAMI-013 | Personal ID Number: 26644 |
| Submitted By: Ryan M. Malone | Phone: 202-508-4669 |

THIS FAX MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IT IS INTENDED FOR USE ONLY BY THOSE TO WHOM IT IS ADDRESSED. IF THIS FAX IS NOT ADDRESSED TO YOU, OR IF YOU RECEIVED IT IN ERROR, YOU MAY NOT DISCLOSE, DISTRIBUTE, COPY OR USE THIS FAX OR ANY INFORMATION IN IT. INSTEAD, PLEASE CALL US COLLECT AT 202-508-4600 TO ARRANGE FOR ITS DESTRUCTION OR RETURN.
7228313_1.DOC

 

ROPES
&GRAY

ROPES & GRAY LLP
ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650
BOSTON   NEW YORK   SAN FRANCISCO   WASHINGTON, DC

August 3, 2006

Ryan M. Malone
(202) 508-4669
rmalone@ropesgray.com

**VIA FACSIMILE**

Ms. Terrie Musgrove
FOIA Officer
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
Mail Stop 7456
Washington, DC  20240
FAX:  (202) 208-5206
TEL:  (202) 208-6503

Re: FOIA Request

Dear Ms. Musgrove:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended, I hereby request certain information relating to any request by the Mississippi Band of Choctaw Indians, a Mississippi tribe ("the Tribe"), that the Department of the Interior (the "Department") take lands in the state of Mississippi into trust on behalf of the Tribe.

Specifically, I request the following documents:

    (1)    any application or request by the Tribe seeking to have the Department recognize the Tribe or take lands into trust on behalf of the Tribe.

    (2)    any application or request by the Tribe seeking to have the Department designate any lands as reservation land;

    (3)    any correspondence between the Tribe and the Department relating to any request by the Tribe that the Department to recognize the Tribe, take land into trust on the Tribe's behalf, or designate any lands as part of the Tribe's reservations;

    (4)    any submissions, studies, memoranda, or reports relating to any request by the Tribe that the Department recognize the Tribe, take land into trust on the Tribe' behalf or designate any lands as a tribal reservation.

7228312_1

ROPES & GRAY LLP

Ms. Terrie Musgrove                  - 2 -                  August 3, 2006

I am willing to pay costs and expenses not exceeding $500. If you expect that the costs associated with responding to this request will exceed this amount, please contact me to discuss the size and scope of your search. Please search the files in both the Washington office and the appropriate regional office(s).

Please do not hesitate to contact me at (202) 508-4669 if you have any questions about this request.

Best regards,

Ryan M. Malone

# MALONE EXHIBIT B



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2007-028

DEC 1 8 2006

DEC 2 1 2006

David O. Stewart
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948

Dear Mr. Stewart:

This concerns your December 1, 2006, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on the same date. Your appeal alleges that the Bureau of Indian Affairs ("BIA") has not responded to an August 3, 2006, FOIA request within the time limits set in the FOIA, i.e., within 20 workdays of the date the BIA received your FOIA request. Your FOIA request, which you sent to the Office of the Solicitor's FOIA Officer, seeks "certain information relating to any request by the Mississippi Band of Choctaw Indians, a Mississippi tribe ('the Tribe'), that the [Department]...take lands in the state of Mississippi into trust on behalf of the Tribe." The Department has assigned your appeal as **Appeal Number 2007-028**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. The Department will make every effort to reach a decision on your appeal within this time limit.

If you have any questions regarding your appeal, you may contact Aakar Jain at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

# MALONE EXHIBIT C



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN**AMERICA**

IN REPLY REFER TO:
FOIA Appeal No. 2007-028

JAN 1 2 2007                JAN 1 6 2007

David O. Stewart
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948

Dear Mr. Stewart

This responds to the December 1, 2006, Freedom of Information Act ("FOIA") appeal ("appeal") (**No. 2007-028**) that you filed with the Department of the Interior ("Department"). Your appeal alleges that the Bureau of Indian Affairs ("BIA") has not responded to an August 3, 2006, FOIA request within the time limits set in the FOIA. *See 5 U.S.C. § 552(a)(6)(A)(i)* (requiring an agency to determine within 20 workdays after the receipt of a FOIA request whether it will comply with such a request (i.e., grant or deny the request (or any portion thereof))). Your FOIA request, which the Department notes was sent to the Office of the Solicitor ("SOL") and not the BIA, seeks "certain information relating to any request by the Mississippi Band of Choctaw Indians, a Mississippi tribe ('the Tribe'), that the [Department]...take lands in the state of Mississippi into trust on behalf of the Tribe."

Upon receipt of your appeal, the Department contacted SOL to ascertain why it has not responded to the FOIA request. The SOL advised that it never received the FOIA request and the Department has no reason to question SOL's response on this issue, as you did not provide any evidence with your appeal that establishes that SOL actually received the August 3, 2006, FOIA request. *See Hutchins v. DOJ, 2005 U.S. Dist. LEXIS 11355, at *6 (D.D.C. June 6, 2005)* (holding "without any showing [by the requester] that the agency received the request, the agency has no obligation to respond to it"). Accordingly, there is no action for the Department to take on the issue in the appeal of SOL's alleged failure to respond. Therefore, the Department is closing its files on this appeal.

Notwithstanding the fact that there is no action for the Department to take on the issue raised in the appeal, it will treat your August 3, 2006, letter as a new FOIA request. **Therefore, by copy of this letter the Department is forwarding the new FOIA request to the SOL for processing. In addition, since your FOIA request and appeal indicate that you are seeking records from the BIA, the Department is also forwarding the request to that office for processing.** Each of these offices will correspond directly with you, subject to the time limits set in the FOIA. *5 U.S.C. § 552(a)(6)(A)(i).*

If you have any questions regarding SOL's processing of the FOIA request, you may contact SOL's Acting FOIA Officer, Colette Clark, at (202) 208-6505. Should you have any questions concerning the BIA's processing of the FOIA request, you may contact Debbie Clark, Deputy Assistant Secretary-Management, Office of the Assistant Secretary – Indian Affairs, at (202) 208-5185.

This completes the Department's response to your appeal. If you have any questions regarding this letter, please call LaRima Lane at (202) 208-5399.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Colette Clark, Acting FOIA Officer, SOL **(FOR ACTION)**
    Debbie L. Clark, Deputy Assistant Secretary-Management, ASIA **(FOR ACTION)**

# MALONE EXHIBIT D

January 23, 2007

Ryan M. Malone
202-508-4669
Ryan.Malone@ropesgray.com

**BY FED EX**

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior
MS-6556, MIB
1849 C Street, NW
Washington, DC 20240

Re:     FOIA Appeal No. 2007-028

Dear Ms. Strayhorn:

I am in receipt of your letter dated January 12, 2007, responding to the December 1, 2006, appeal regarding the Department of Interior's ("Department") lack of response to my August 3, 2006, FOIA request. You stated that the Department is closing its files on the appeal because the Office of the Solicitor alleges it did not receive my request, and therefore has no duty to respond.

I submitted the FOIA request to Ms. Terri Musgrove by fax at (202) 208-5206 on August 3, 2006, at 15:54. I have attached a copy of the fax transmission confirmation, which shows that the transmission was successful. The Department invites submission of FOIA requests by fax in its regulations, 43 C.F.R. § 2.7(a), and under the Federal Rules of Civil Procedure, service by fax is complete upon transmission. *Cf.* Fed. R. Civ. P. 5(b)(2)(D).

We have shown that the FOIA request was in fact delivered to the Department, contrary to your assertion that it was not received. Therefore, the time period for response expired on August 31, 2006, and our administrative appeal is proper. 5 U.S.C. § 552(a)(6)(A)(i). We will continue to seek redress of this issue in court in the Southern District of Mississippi.

Very truly yours,


Ryan M. Malone

7244969_1

# MALONE EXHIBIT E

01/29/2007 17:39 FAX 202 208 5206        DOCKET/ADMIN        ☑002



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:

JAN 2 9 2007

Ryan M. Malone
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Suite 900
Washington, DC 20005

Dear Mr. Malone:

On August 3, 2006 you filed a Freedom of Information Act (FOIA) request with the Office of the Solicitor seeking the following:'

Pursuant to the Freedom of Information Act, 5 U.S.C. §552, as amended, I hereby request certain information relating to any request by the Mississippi Band of Choctaw Indians, a Mississippi tribe ("the Tribe"), that the Department of the Interior (the "Department") . take lands in the state of Mississippi into trust on behalf of the Tribe.

Specifically, I request the following documents:

    (1)    any application or request by the Tribe seeking to have the Department recognize the Tribe or take lands into trust on behalf of the Tribe.

    (2)    any application or request by the Tribe seeking to have the Department designate any lands as reservation land;

    (3)    any correspondence between the Tribe and the Department relating to any request by the Tribe that the Department to recognize the Tribe, take land into trust on the Tribe's behalf, or designate any lands as part of the Tribe's reservations;

    (4)    any submissions, studies, memoranda, or reports relating to any request by the Tribe that the Department recognize the Tribe, take land into trust on the Tribe' behalf or designate any land as a tribal reservation.

Your request was sent to the Office of the Solicitor on December 18, 2006, where it was assigned control number **SOL-2007-0009** for processing. Please cite that number in any future correspondence or communications with the Department. Please accept our apology for the delay in processing this request.

With respect to your request:

We have classified your request as an "other-use" request.  This means that we have
determined that it is neither a commercial-use request, nor placed by a member of the
new media or a representative of an educational or non-commercial scientific institution.
As an "other-use" requesters, you are entitled to receive up to 2 hours of search time and
100 pages of duplication of responsive records without charge, before being asked to pay
for document search and reproduction.  Additionally, the Department of the Interior does
not bill requesters for FOIA fees incurred in processing other-use requests when their
fees do not exceed $30.00, after the subtraction of their entitlements, because the cost of
collection would be greater than the fee collected.  (See 43 CFR §2.18(a)).

If you have any questions regarding any of the issues discussed in this letter, you may
contact Colette Clark by phone at 202-208-6505, by fax at 202-208-5206, or by mail at
U.S. Department of the Interior, 1849 C Street, N.W., MS 6556 MIB, Washington, D.C.
20240.

Sincerely,

Colette A. Clark
(Acting) FOIA Officer
Office of the Solicitor

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
COAST BUSINESSES FOR FAIR PLAY, LLC )
ROPES & GRAY, LLP                                           )
PHELPS DUNBAR, LLP                                     )
                                                                               )
                                          Plaintiffs,          )
                                                                               )
            v.                                                           )        Case Number: 1:07CV00446
                                                                               )
UNITED STATES DEPARTMENT OF THE      )
INTERIOR,                                                       )
                                                                               )
                                          Defendant.        )
_____)

**DECLARATION OF JOHN B. SHORTESS**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, John B. Shortess, make the following declaration pursuant to 28 U.S.C. § 1746:

1.  On October 26, 2006, I submitted a Freedom of Information Act ("FOIA") request on

behalf of Plaintiff Coast Businesses for Fair Play ("CBFP") to the Department of the Interior

("the Department") Bureau of Indian Affairs ("BIA") FOIA Coordinator in Nashville, TN.

(Exhibit A)

2.  I spoke by telephone on October 26, 2006 and October 27, 2006 with the

Department's BIA FOIA Coordinator in Nashville regarding fees and the amount of responsive

documents related to this request.

3.  On November 1, 2006, the Department responded to the October 26, 2006 request by

providing 13 pages of responsive documents.  (Exhibit B)

7249844_1

4. The Department's response did not include responsive documents that the Department's BIA FOIA Coordinator described to me during conversations regarding the request or documents referenced in the documents that were included in the response.

5. I left a voice message with the Department's BIA FOIA Coordinator on November 9, 2006, asking to speak about the Department's response.

6. The Department did not respond to the November 9, 2006 voice message.

7. I left a second voice message with the Department's BIA FOIA Coordinator on November 15, 2006, again asking to speak about the Department's response.

8. The Department did not respond to the November 15, 2006 voice message.

9. On November 17, 2006, I submitted a follow-up letter to the Department explaining that I believed the Department's response was incomplete and asking the BIA FOIA coordinator to contact me to discuss the Department's response to the October 26, 2006 request. (Exhibit C)

10. The Department did not respond to the November 17, 2006 follow-up letter.

11. On December 1, 2006, an appeal regarding the October 26, 2006 request was submitted to the Department's FOIA Appeals Officer. (Exhibit D)

12. In a letter dated January 8, 2007, and received January 10, 2007, the Department acknowledged receipt of the appeal as it relates to the October 26, 2006 request. (Exhibit E)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/22/2007
Baton Rouge, LA

(Signature): _John B. Shortess_

John B. Shortess

# SHORTESS EXHIBIT A

# PHELPS DUNBAR LLP
### ——— COUNSELORS AT LAW ———

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

City Plaza • 445 North Boulevard • Suite 701
Baton Rouge, Louisiana 70802-5707
P. O. Box 4412
Baton Rouge, Louisiana 70821-4412
(225) 346-0285
Fax (225) 381-9197

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

JOHN B. SHORTESS
Baton Rouge Office
(225) 376-0287
shortesj@phelps.com

www.phelpsdunbar.com

23359-1

October 26, 2006

**VIA FAX (615-564-6701)**

Ms. Suzanne Langan, FOI Coordinator
Bureau of Indian Affairs
545 Marriott Drive
Nashville, TN 37214

Dear Ms. Langan:

   We are interested in obtaining copies of documents that the Bureau of Indian Affairs (BIA) possesses related to the proposed 61 acre fee-to-trust land transfer in Jackson County, Mississippi, and proposed use of that land, together with an adjacent 40 acre tract of land, for a casino project proposed by the Mississippi Band of Choctaw Indians. These proposals are referenced in a October 3, 2006 Federal Register Notice, a copy of which I have attached for your reference.

   The comment period related to these proposals ends on November 2, 2006. Therefore, we ask that you expedite this request, but first call me so that we may discuss the copy and review time fees that we discussed generally, and whether you can give me an idea of the amount of paper that BIA currently possesses related to these proposals. We may be able to narrow our request to certain documents.

                              Sincerely yours,

                              PHELPS DUNBAR LLP

                              John B. Shortess

Attachment

BR 478506.1

## Recovery Criteria for Delisting

All of the following must occur:

1. At least three interacting populations exist in the wild and population growth is sustained for 10 years after downlisting has occurred. This will allow for monitoring of recruitment events and other population attributes in a species that has been characterized by highly variable reproductive and survival rates (Snyder et al. 1987; Mulznieks 2003). The populations should produce greater than or equal to 1.56 chicks per nesting attempt (average rate for the 1990s) and their survival rates should not drop below 90 percent for adults and 50 percent for juveniles. These rates assume that sub-adult survival rates are approximately 85 percent, age of first breeding is 4 years, and at least 60 percent of the adults engage in reproduction each year.

2. Long-term protection of the habitat occupied by each wild population is achieved.

3. Collection of the species for commercial, scientific, and/or educational purposes is controlled by Commonwealth laws and other regulatory mechanisms.

4. The effects of disease and predation factors are controlled to allow for population viability.

## Public Comments Solicited

We solicit written comments on the recovery plan described. We will consider all comments received by the date specified above prior to final approval of the revised recovery plan.

Our practice is to make all comments, including names and home addresses of respondents, available for public review during regular business hours. Individual respondents may request that we withhold their home addresses from the record, which we will honor to the extent allowable by law. In some circumstances, we would withhold also from the record a respondent's identity, as allowable by law. If you wish for us to withhold your name and/or address, you must state this prominently at the beginning of your comments. However, we will not consider anonymous comments. We will make all submissions from organizations or businesses, and from individuals identifying themselves as representatives or officials of organizations or businesses, available for public inspection in their entirety.

## Authority

The authority for this action is section 4(f) of the Endangered Species Act, 16 U.S.C. 1533(f).

Dated: September 21, 2006.

Cynthia Dohner,

*Acting Regional Director.*

[FR Doc. E6–16320 Filed 10–2–06; 8:45 am]

BILLING CODE 4310-55-P

## DEPARTMENT OF THE INTERIOR

### Bureau of Indian Affairs

### Notice of Intent To Prepare an Environmental Impact Statement for the Mississippi Band of Choctaw Indians' Proposed Fee-to-Trust Transfer and Casino Project, Jackson County, MS

AGENCY: Bureau of Indian Affairs, Interior.

ACTION: Notice.

SUMMARY: This notice advises the public that the Bureau of Indian Affairs (BIA), with the cooperation of the Mississippi Band of Choctaw Indians (MBCI), intends to collect information necessary to prepare an Environmental Impact Statement (EIS) for a proposed 61 acre fee-to-trust land transfer in Jackson County, Mississippi, and for the proposed use of that land, together with an adjacent 40 acre tract of Choctaw Reservation land in the same county, for a casino project. The purpose of the proposed action is to help meet land base and economic needs of the MBCI. This notice also announces a public scoping meeting to identify potential issues, alternatives and content for inclusion in the EIS.

DATES: Written comments on the scope and implementation of this proposal must arrive by November 2, 2006. The public scoping meeting will be held October 18, 2006, from 7 p.m. to 10 p.m., or until all those who wish to make statements have been heard.

ADDRESSES: You may mail, hand carry, or fax written comments to Franklin Keel, Regional Director, Eastern Region, Bureau of Indian Affairs, 545 Marriott Dr., Suite 700, Nashville, Tennessee 37214; fax (615) 564–1701. Electronic submissions via e-mail are not currently available.

The public scoping meeting will be held at Ocean Springs Civic Center, 3730 Bienville Boulevard, Ocean Springs, Mississippi 39564.

FOR FURTHER INFORMATION CONTACT: Kurt Chandler, (615) 564–6832.

SUPPLEMENTARY INFORMATION: The MBCI Reservation is comprised of various trust land parcels located in a number of counties in Mississippi, including Jackson County. The tribal offices are located in Choctaw, Mississippi, in Neshoba County.

The MBCI currently operates two businesses on land in Jackson County, *First American Printing & Direct Mail* and *First American Plastic Molding.* Together, before Hurricane Katrina, these facilities employed 100 full-time and 10 part-time workers from the Mississippi Gulf Coast. In August 2005, Hurricane Katrina caused substantial adverse impact to these operations through permanent loss of clients whose businesses were destroyed. It is highly probable that one or both of these operations will therefore be closed in the near future. For this reason, the tribe is urgently seeking to identify potential alternative uses of the land and its existing facilities.

The MBCI has identified a preferred use for this land that includes gaming and related amenities, in an effort to create a positive economic impact for itself and the local economy. The project area is located in Jackson County, immediately southwest of the intersection of State Highway 57 and Interstate 10. The property is bordered by State Highway 57 to the east, vacant undeveloped land to the west, and the Sunplex Industrial Park to the south.

The MBCI proposal is that approximately 61 acres be taken into trust, to be added to approximately 40 acres of adjacent, existing reservation lands for the construction of a casino, hotel and recreational complex. The proposed action encompasses the various federal approvals required to implement the 61 acre fee-to-trust transfer, plus approval of the combined 101 acre tract for gaming use under the Indian Gaming Regulatory Act.

Areas of environmental concern so far identified for analysis in the EIS include traffic, air quality, threatened and endangered species, wildlife habitat and conservation areas, wetlands, water supply, wastewater disposal, solid waste disposal, and socio-economic impacts. Alternatives so far identified for analysis are: (1) The preferred alternative, which would include a Class III casino, hotel, and retail center supported by adequate on-site parking, and which would both maximize potential economic benefits to the MBCI and create tax revenues and jobs for the local community; and (2) no action, under which the MBCI would close the existing businesses and abandon the facilities. The range of issues and alternatives to be addressed in the EIS may be expanded or reduced based on comments received during the scoping process.

## Public Comment Availability

Comments, including names and addresses of respondents, will be

available for public review at the mailing address shown in the ADDRESSES section, during regular business hours, 8 a.m. to 4:30 p.m., Monday through Friday, except holidays. Individual respondents may request confidentiality. If you wish us to withhold your name and/or address from public review or from disclosure under the Freedom of Information Act, you must state this prominently at the beginning of your written comment. Such requests will be honored to the extent allowed by law. We will not, however, consider anonymous comments. All submissions from organizations or businesses will be made available for public inspection in their entirety.

### Authority

This notice is published in accordance with section 1503.1 of the Council on Environmental Quality regulations (40 CFR parts 1500 through 1508), implementing the procedural requirements of the National Environmental Policy Act of 1969, as amended (42 U.S.C. 4321 et seq.), the Department of the Interior Manual (516 DM 1–6), and is in the exercise of authority delegated to the Principal Deputy Assistant Secretary—Indian Affairs by 209 DM 8.

Dated: September 6, 2006.

Michael D. Olsen,

*Principal Deputy Assistant Secretary, Indian Affairs.*

[FR Doc. E6–16259 Filed 10–2–06; 8:45 am]

BILLING CODE 4310-W7-P

---

## DEPARTMENT OF THE INTERIOR

### Bureau of Land Management

## DEPARTMENT OF AGRICULTURE

### Forest Service

[CA-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-PA-251A]

### Monument Advisory Committee Scheduled Meeting Location Change

AGENCIES: Bureau of Land Management, Interior and Forest Service, USDA.

ACTION: Notice.

SUMMARY: The Bureau of Land Management (BLM) and the United States Forest Service (USFS) announce a change of meeting location for the December 2, 2006 scheduled meeting of the Santa Rosa and San Jacinto Mountains National Monument Advisory Committee (hereinafter referred to as "MAC").

The meeting is scheduled to begin at 9 a.m. at the Mountain Station of the Palm Springs Aerial Tramway, One Tramway Road, Palm Springs, California 92262. A special FREE Tram, leaving promptly at 8:45 a.m., is being provided for all MAC members, the media and members of the public interested in attending and speaking during the Public Comment period.

The focus of MAC meetings is implementation of the Santa Rosa and San Jacinto Mountains National Monument Management Plan. Members of the public and the media are encouraged to attend and participate in MAC meetings. The Public Comment period begins at 11 a.m. A sign-up sheet for speakers will be available at the entrance of the meeting room on the day of the meeting. Speakers are requested to hold their comments to five minutes. Speakers may provide a written copy of their remarks and any additional remarks for inclusion in the meeting minutes.

An agenda will be posted on the Santa Rosa and San Jacinto Mountains National Monument Home Page at *http://www.blm.gov/ca/palmsprings/ santarosa/srsj_meetings.html,* along with any other additional information for this meeting.

All National Monument meetings are open to the public with attendance limited only by the space available. Individuals attending who need special assistance, such as sign language interpretations or other reasonable accommodations, should notify the contact person listed below at least two weeks in advance of the meeting.

DATES: December 2, 2006; Free Tram ride departs the Valley Station of the Palm Springs Aerial Tramway at 8:45 a.m.; meeting begins at 9 a.m.; Public Comment period begins at 11 a.m.

ADDRESSES: December 2, 2006 meeting is being held at the Mountain Station of the Palm Springs Aerial Tramway, One Tramway Road, Palm Springs, California 92262.

FOR FURTHER INFORMATION CONTACT: Written comments should be sent to the Santa Rosa and San Jacinto Mountains National Monument Manager, in-care-of the Bureau of Land Management, P.O. Box 581260, North Palm Springs, CA 92258; by telephone (760) 251–4800, fax (760) 251–4899; or e-mail *ca_srsj_nm@ca.blm.gov.* Additional information regarding the National Monument and the MAC is posted on the National Monument Web pages located at: *http://www.ca.blm.gov/ palmsprings/santarosa/santa_ rosa_national_monument.html.*

Documents pertinent to this notice, including comments with the names and addresses of respondents, will be available for public review at the BLM Palm Springs-South Coast Field Office, 690 W. Garnet Avenue, North Palm Springs, California, during regular business hours 8 a.m. to 4:30 p.m., Monday through Friday, except for holidays.

SUPPLEMENTARY INFORMATION: Santa Rosa and San Jacinto Mountains National Monument was established to preserve nationally significant biological, cultural, recreational, geological, educational and scientific values found in the Santa Rosa and San Jacinto Mountains.

The MAC is a committee of volunteer citizens appointed to advise the Secretaries of the Interior and Agriculture with respect to implementation of the National Monument Management Plan. The Santa Rosa and San Jacinto Mountains National Monument Act of 2000 (16 U.S.C. 431 note) authorized establishment of the MAC.

The 272,000-acre National Monument encompasses 86,400 acres of Bureau of Land Management lands; 64,400 acres of Forest Service lands; 23,000 acres of Agua Caliente Band of Cahuilla Indians lands; 8,500 acres of California Department of Parks and Recreation lands; 35,800 acres of other State of California lands; and 53,900 acres of privately owned lands.

Dated: September 12, 2006.

Gail Acheson,

*Field Manager, Bureau of Land Management, Palm Springs-South Coast Field Office.*

Dated: September 21, 2006.

Laurie Rosenthal,

*District Ranger, USDA Forest Service, San Jacinto Ranger District, San Bernardino National Forest.*

Dated: September 25, 2006.

Jim Foote,

*Monument Manager, Santa Rosa and San Jacinto Mountains, National Monument.*

[FR Doc. 06–8417 Filed 10–2–06; 8:45 am]

BILLING CODE 4310-40-P

---

## DEPARTMENT OF THE INTERIOR

### Bureau of Land Management

[ES–960–1910–BK; Group 61, Louisiana]

### Notice of Filing of Plat of Survey; Louisiana

The plat of the dependent resurvey and survey of the boundaries of lands held in trust by the United States, for the Tunica-Biloxi Tribe, in Townships 1 and 2 North, Range 4 East of the Louisiana Meridian, in the State of Louisiana, will be officially filed in Eastern States, Springfield, Virginia 30

# SHORTESS EXHIBIT B

11/01/2006 15:01 FAX 6155646575                                    ☑002



# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Eastern Regional Office
545 Marriott Drive, Suite 700
Nashville, TN 37214

Real Estate Services

**NOV 0 1 2006**

Mr. John B. Shortess
Phelps Dunbar LLP
City Plaza
445 North Blvd Suite 701
Baton Rouge, Louisiana 70821-4412

Dear Mr. Shortess:

This is in response to your Freedom of Information Act (FOIA) request dated October 26, 2006, and received in our office October 26, 2006. Specifically, you requested documents that the Bureau of Indian Affairs possesses related to the proposed 61 acre fee-to-trust land transfer in Jackson County, Mississippi, and proposed use of that land, together with an adjacent 40 acre tract of land, for a casino project proposed by the Mississippi Band of Choctaw Indians.

After a thorough search of our records, the Eastern Regional Office located responsive documents to your request which are enclosed.

If you have any questions, please contact Ms. Suzanne Langan, FOIA Coordinator, at (615) 564-6780.

Sincerely,

**ACTING**   Director, Eastern Region

11/01/2006 15:01 FAX 6155846575                                              ☒003



**OFFICE OF THE TRIBAL CHIEF**
**PHILLIP MARTIN**
PHONE (601) 656-5251   FAX (601) 656-7533
EMAIL  pmartin@choctaw.org
MISSISSIPPI BAND OF CHOCTAW INDIANS
P.O. BOX 6010 • 101 INDUSTRIAL ROAD
CHOCTAW, MS 39350

September 30, 2005

Bureau of Indian Affairs
Choctaw Agency
421 Powell Street
Philadelphia, MS 39350

RE:   Mississippi Band of Choctaw Indians
      Fee to Trust Application of **13.77 acres**
      **JACKSON** County (Formerly  **W. Easley & W. Mitchell** Property)

Dear Mr. Thomas:

In accordance with Indian Reorganization Act of June 18, 1943, (48 Stat 984) the
Mississippi Band of Choctaw Indians (MBCI) does hereby request that the Secretary
place the following parcel(s) of acquired land into Trust. Enclosed you will find the
following documents:

      Draft Warranty Deed                    Tax Receipt
      Tribal Resolution (copy)               Environmental Assessment
      Deed to MBCI (copy)
      Commitment of Title Insurance Policy
      Map & Description

The past, current and future use of this land is  **GAMING** .  Please forward this
application package to Mr. Randy Trickey, Eastern Regional Office so that the
application process will be handled without delay.  Should you have any questions and/or
require additional information, please contact Karen H. Ben at ▮▮▮▮▮▮▮▮▮▮

                                  Sincerely,

                                  *Phillip Martin*
                                  Chief Phillip Martin

Enclosures

c:      Steve Gleason
        Choctaw Agency file
        File

Received  Nov-01-2006  02:58pm   From-6155846575          To-Phelps Dunbar Baton   Page  003

11/01/2006 15:01 FAX 6155648575                                            ☒004

# MISSISSIPPI BAND OF CHOCTAW INDIANS

## RESOLUTION CHO 00-081(B)

## A RESOLUTION TO PURCHASE 13.77 ACRES IN JACKSON COUNTY

WHEREAS, property owned by Wallace M. Easley and William Mitchell is available for sale; and

WHEREAS, the Tribal Council is empowered under Article VIII of the Revised Constitution and Bylaws of the Mississippi Band of Choctaw Indians to "approve any sale, disposition, lease or encumbrance of tribal lands, [or] interests in lands...;" and

WHEREAS, the property in Jackson County my further be described as follows, to wit:

That certain piece or parcel of land located in the NE1/4 of the SE1/4 of Section 18, T7 South, R7 West, Jackson County, Mississippi, and more particularly described as follows, to wit: Commencing at the SE corner of the NE1/4 of the SE1/4 of Section 18, T7 South, R7 West, Jackson County, Mississippi, and run West on and along the forty line a distance of 602 feet to the Point of Beginning, thence continue West on and along the forty line a distance of 718 feet to the SW corner of said forty; thence North on and along the West line of said forty a distance of 506 feet; thence East for distance of 1184 feet to a point on the West line of Highway No. 57; thence S 00 degrees, 07 seconds E on and along the West line of said highway a distance of 30 feet; thence West a distance of 466 feet; thence S 00 degrees 07 minutes for a distance of 476 feet to the point of beginning, being a parcel of land in the NE1/4 of the SE1/4, Section 18, T7S, R7W, Jackson County, Mississippi, and containing 8.66 acres, more or less;

And also, that certain piece or parcel of land located in the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and more particularly described as follows, to wit: Commencing at the SE corner of the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and run West along the forty line a distance of 136 feet to a point on the West right-of-way line of Highway 57, which point is the point of beginning: thence continue West on and along the forty line a distance of 466 feet; thence N 00 degrees 07 minutes West for distance of 466 feet; thence East for a distance of 466 feet to a point on the West right-of-way line of Highway 57; thence S 00 degrees 07 minutes East on and along the West right of way line of Highway 57 a distance of 466 feet to the point of beginning; being a parcel of land in the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and containing 5 acres, more or less;

And also, that certain piece or parcel of land located in the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and more particularly described as follows, to wit: Commencing at the SE corner of the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and run West on and along the forty line a distance of 136 feet to a point on the West line of Highway 57; thence N 00 degrees 07 minutes West on and along the West line of Highway 57 a distance of 466 feet to the point of beginning; thence continue N 00 degrees 07 minutes West on and along the West line of said highway a distance of 10 feet; thence West 466 feet; thence S 00 degrees 07 minutes East for a distance of 10 feet; thence East 466 feet to the point of beginning, being a parcel of land in the NE1/4 of the SE1/4 of Section 18, T7S, R7W, Jackson County, Mississippi, and containing 00.11 acres, more or less.

and

11/01/2006 15:02 FAX 6155846575    ☑ 005

Resolution CHO 00-081(B)

WHEREAS, the above-described lands are adjacent to tribal trust lands and 25 *Code of Federal Regulations* provides at Section 151.3 that lands may be acquired for a tribe in trust status if "the property is located within the exterior boundaries of the tribe's reservation or adjacent thereto..."; and

RESOLVED, that the Tribal Council does hereby authorize the Chief and Secretary-Treasurer to obtain an option on, and, if possible, purchase the above-described lands at a price of ▓▓▓▓▓▓▓▓ plus closing costs, with funds appropriated in the Tribal Revenue Budget; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior that the title to such lands purchased be in the name of the United States of America in trust for the Mississippi Band of Choctaw Indians; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of the Interior to declare the above-described lands to be part of the Mississippi Choctaw Indian Reservation.

### CERTIFICATION

I, the undersigned, as Secretary-Treasurer of the Mississippi Band of Choctaw Indians certify that the Tribal Council of said Band is composed of 16 members, 16 of whom, constituting a quorum, were present at a Quarterly meeting thereof, duly called, noticed, convened and held this 11th day of April, 2000; and that the foregoing Resolution was duly adopted by a vote of 14 members in favor, 0 opposed, 0 abstaining and 2 absent for the vote.

Dated this 11th day of April, 2000.

ATTEST:

_Phillip Martin_                          _Harrison Ben_
Chief                                     Secretary-Treasurer

RECOMMENDED:

_Ray C. Thomas_                           _May 11, 2000_
Superintendent, Choctaw Agency            Date



**OFFICE OF THE TRIBAL CHIEF**
**PHILLIP MARTIN**
PHONE (601) 656-5251   FAX (601) 656-7333
EMAIL. pmartin@nhchow.org
MISSISSIPPI BAND OF CHOCTAW INDIANS
P.O. BOX 6010 • 101 INDUSTRIAL ROAD
CHOCTAW, MS 39350

September 30, 2005

Bureau of Indian Affairs
Choctaw Agency
421 Powell Street
Philadelphia, MS 39350

RE:    **Mississippi Band of Choctaw Indians**
       **Fee to Trust Application of 22.86 acres**
       **JACKSON County (Formerly CAROL C. GAMBEL Property)**

Dear Mr. Thomas:

In accordance with Indian Reorganization Act of June 18, 1943, (48 Stat 984) the
Mississippi Band of Choctaw Indians (MBCI) does hereby request that the Secretary
place the following parcel(s) of acquired land into Trust. Enclosed you will find the
following documents:

Draft Warranty Deed                    Tax Receipt
Tribal Resolution (copy)               Environmental Assessment
Deed to MBCI (copy)
Commitment of Title Insurance Policy
Map & Description

The past, current and future use of this land is  GAMING .  Please forward this
application package to Mr. Randy Trickey, Eastern Regional Office so that the
application process will be handled without delay.  Should you have any questions and/or
require additional information, please contact Karen H. Ben at ▮▮▮▮▮▮

Sincerely,

Chief Phillip Martin

Enclosures

c:     Steve Gleason
       Choctaw Agency file
       File

11/01/2006 15:02 FAX 6155646575                                                    ☑007

# MISSISSIPPI BAND OF CHOCTAW INDIANS

RESOLUTION CHO 01-047(B)

## A RESOLUTION TO PURCHASE 31.4 ACRES IN THE JACKSON COUNTY, MS

WHEREAS, property owned by Carol Curry Gamble is available for sale in its entirety of 31.4 acres; and

WHEREAS, the Tribal Council is empowered under Article VIII of the Revised Constitution and Bylaws of the Mississippi Band of Choctaw Indians to "approve any sale, disposition, lease or encumbrance of tribal lands, [or] interests in lands…"; and

WHEREAS, the property in Jackson County may further be described as follows, to wit:

> The Southeast Quarter (SE1/4) of the Northeast (NE1/4) Quarter of Section 18
> Township 7 South, Range 7 West, less and except that portion described
> property lying within the right-of-way of Mississippi State Highway No. 57;
> and less and except that portion of the described property lying within the
> public right-of-way of Ocean Springs Road.

Now therefore be it

RESOLVED, that the Tribal Council does hereby authorize the Chief and Secretary-Treasurer to obtain an option on, and, if possible, purchase 31.4 acres of the above-described lands at a price of ▮▮▮▮▮ per acre, o▮▮▮▮▮▮ plus closing costs, with ▮▮▮▮▮ of funds from the Resort and Capital Fund and the remaining amount from funds appropriated for the purchase of land; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior that the title to such lands purchased by the Tribe be in the name of the United States of America in trust for the Mississippi Band of Choctaw Indians; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior to declare the above-described lands purchased by the Tribe to be a part of the Mississippi Choctaw Indian Reservation.

11/01/2006 15:02 FAX 6155646575                                              ☑008

Resolution CHO 01-047(B), Pag

## CERTIFICATION

I, the undersigned, as Secretary-Treasurer of the Mississippi Band of Choctaw Indians, certify that the Tribal Council of said Band is composed of 16 members, 13 of whom, constituting a quorum, were present at a Special Call meeting thereof, duly called, noticed, convened and held this 21st day of December, 2000; and that the foregoing Resolution was duly adopted by a vote of 11 members in favor, 1 opposed, and 1 abstaining.

Dated this 21st day of December, 2000.

ATTEST:

_____          _____
Chief Phillip Martin                              Harrison Ben, Secretary-Treasurer

RECOMMENDED:

_____          _____
Superintendent, Choctaw Agency                    Date  January 08, 2001

Received  Nov-01-2006  02:56pm     From-6155646575        To-Phelps Dunbar Baton    Page  006



**OFFICE OF THE TRIBAL CHIEF**
**PHILLIP MARTIN**
PHONE (601) 656.9361   FAX (601) 656-7133
EMAIL: pmartin@choctaw.org                    September 30, 2005
MISSISSIPPI BAND OF CHOCTAW INDIANS
P.O. BOX 6010 • 101 INDUSTRIAL ROAD
CHOCTAW, MS 39350

Bureau of Indian Affairs
Choctaw Agency
421 Powell Street
Philadelphia, MS  39350

RE:   **Mississippi Band of Choctaw Indians**
      **Fee to Trust Application of  19.28 acres**
      **JACKSON County (Formerly  ELAINE A. CRYDER  Property)**

Dear Mr. Thomas:

In accordance with Indian Reorganization Act of June 18, 1943, (48 Stat 984) the
Mississippi Band of Choctaw Indians (MBCI) does hereby request that the Secretary
place the following parcel(s) of acquired land into Trust.  Enclosed you will find the
following documents:

    Draft Warranty Deed                    Tax Receipt
    Tribal Resolution (copy)               Environmental Assessment
    Deed to MBCI (copy)
    Commitment of Title Insurance Policy
    Map & Description

The past, current and future use of this land is  GAMING .  Please forward this
application package to Mr. Randy Trickey, Eastern Regional Office so that the
application process will be handled without delay.  Should you have any questions and/or
require additional information, please contact Karen H. Ben at ▮▮▮▮▮▮▮▮

                     Sincerely,

                     _Phillip Martin_
                     Chief Phillip Martin

Enclosures

c:     Steve Gleason
     Choctaw Agency file
     File

# MISSISSIPPI BAND OF CHOCTAW INDIANS

## RESOLUTION CHO 01-039(B)

## A RESOLUTION TO PURCHASE 17.82+/- ACRES IN JACKSON COUNTY, MS

WHEREAS, property owned by Elaine A. Gryder is available for sale; and

WHEREAS, the Tribal Council is empowered under Article VIII of the Revised Constitution and Bylaws of the Mississippi Band of Choctaw Indians to "approve any sale, disposition, lease or encumbrance of tribal lands, [or] interests in lands...;" and

WHEREAS, the property in Jackson County may further be described as follows, to wit:

### PARCEL I

Commencing at the Southeast Corner of the NE ¼ of the SE ¼ of Section 18, Township 7 South, Range 7 West, Jackson County, Mississippi, and run West on and along the Forty line a distance of 136 feet to a point on the West line of Highway 57; thence North 0 degrees 07 feet West on and along the West line of said Highway 57 a distance of 972 feet to the point of beginning; thence continue North 0 degrees 07 feet West on and along the West line of Highway 57 a distance of 348 feet to a point on the North line of said Forty; thence West on and along the North line of said Forty a distance of 1184 feet to the Northwest corner of said Forty; thence South on and along the West line of said Forty a distance of 348 feet to a point; thence East for a distance 1184 feet to the West line of Highway 57 and to the point of beginning. LESS AND EXCEPT that strip of land on the East side thereof that was conveyed to the State of Mississippi for widening of State Highway 57 by instruments dated November 15, 1966, and December 10, 1966 and recorded in Book 302, Page 233 and Page 612, Land Deed Records of Jackson County, Mississippi.

Also

### PARCEL II

Commencing at the Southeast corner of the NE ¼ of the SE ¼ of Section 18, Township 7, South, Range 7 West, Jackson County, Mississippi, and run West on and along the Forty line a distance of 136 feet to a point of the West line of Highway 57; thence North 0 degrees 07 feet West on and along the West line of said Highway 57 a distance of 715 feet to the point of beginning; thence continue North 0 degrees 07 feet West on and along the West line of said Highway 57 a distance of 258 feet to a point; thence West a distance of 1184 feet to a point on the West line of said Forty; thence South on and along the West line of said Forty a distance of 466 feet to a point; thence East for a distance of 541 feet to a point; thence North a distance of 208 feet to a point; thence East a distance of 615 feet to the West line of Highway 57 and to the point of beginning. LESS AND EXCEPT that strip of land on the East side thereof that was conveyed to the State of Mississippi for widening of State Highway 57 by instruments dated November 15, 1966, and December 10, 1966, and recorded in Book 302, Page 233 and Page 612, Land Deed Records of Jackson County, Mississippi.

Resolution CHO 01-039(B). 11/14/0.    age 2

Being the same property acquired by Moungle Homes, Inc. from Craig
C. Martin as per quitclaim deed acknowledged before Anthony J.
Graffagnino, Notary Public for Jefferson Parish, Louisiana, Dated
May 17, 1977, and recorded in Land Deed Book No. 594, Pages 147-
48, Records of the Chancery Court of Jackson County, Mississippi.
Parcel I and Parcel II containing 17.82 acres.

And

WHEREAS, the above-described lands are adjacent to tribal trust lands and 25 *Code of Federal
Regulations* provides at Section 151.3 that lands may be acquired for a tribe in trust status if "the
property is located within the exterior boundaries of the tribe's reservation or adjacent
thereto…"; now therefore be it

RESOLVED, that the Tribal Council does hereby authorize the Chief and Secretary-Treasurer to
obtain an option on, and, if possible, purchase the above-described lands at a price of ▮▮▮▮
per acre, or ▮▮▮▮▮ plus closing costs, with funds appropriated in the Tribal Gaming
Revenue Budget; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior that the title to
such lands purchased be in the name of the United States of America in trust for the Mississippi
Band of Choctaw Indians; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior to declare the
above-described lands to be part of the Mississippi Choctaw Indian Reservation.

CERTIFICATION

I, the undersigned, as Secretary-Treasurer of the Mississippi Band of Choctaw Indians, certify
that the Tribal Council of said Band is composed of 16 members, 14 of whom, constituting a
quorum, were present at a Special Call meeting thereof, duly called, noticed, convened and held
this 14th day of November 2000; and that the foregoing Resolution was duly adopted by a vote of
11 members in favor, 1 opposed, and 2 abstaining.

Dated this 14th day of November 2000.

ATTEST:

_Phillip Martin_                               _Brenda Stephens_
Chief                                          Secretary-Treasurer

RECOMMENDED:

_Ray C. Thomas_                                _February 08, 2001_
Superintendent, Choctaw Agency                 Date

11/01/2006 15:03 FAX 6155646575                                          ☑012



11/01/2006 15:03 FAX 6155646575                                                    ☑013



**OFFICE OF THE TRIBAL CHIEF**
**PHILLIP MARTIN**
PHONE (601) 656-5291   FAX (601) 650-7333
EMAIL. pmartin@choctaw.org
MISSISSIPPI BAND OF CHOCTAW INDIANS
P.O. BOX 6010 • 101 INDUSTRIAL ROAD
CHOCTAW, MS 39350

September 30, 2005

Bureau of Indian Affairs
Choctaw Agency
421 Powell Street
Philadelphia, MS 39350

RE:    **Mississippi Band of Choctaw Indians**
       **Fee to Trust Application of  2.93 acres**
       **JACKSON County (Formerly  TAJ KHAN & PARVEEN YOUSAF**
       **Property)**

Dear Mr. Thomas:

In accordance with Indian Reorganization Act of June 18, 1943, (48 Stat 984) the
Mississippi Band of Choctaw Indians (MBCI) does hereby request that the Secretary
place the following parcel(s) of acquired land into Trust. Enclosed you will find the
following documents:

         Draft Warranty Deed                    Tax Receipt
         Tribal Resolution (copy)               Environmental Assessment
         Deed to MBCI (copy)
         Commitment of Title Insurance Policy
         Map & Description

The past, current and future use of this land is  **GAMING**.  Please forward this
application package to Mr. Randy Trickey, Eastern Regional Office so that the
application process will be handled without delay.  Should you have any questions and/or
require additional information, please contact Karen H. Ben at ▮▮▮▮▮▮▮▮

                                    Sincerely,

                                    *Phillip Martin*
                                    Chief Phillip Martin

Enclosures

c:     Steve Gleason
       Choctaw Agency file
       File

CHOCTAW SELF-DETERMINATION

11/01/2006 15:03 FAX 6155646575                                                    ☑014

MISSISSIPPI BAND OF CHOCTAW INDIANS

RESOLUTION CHO 02-065(B)

A RESOLUTION TO PURCHASE 2.93 +/- ACRES IN JACKSON COUNTY, MS

WHEREAS, property owned by Taj Khan and Parveen Yousaf is available for sale; and

WHEREAS, the Tribal Council is empowered under Article VIII of the Revised Constitution and Bylaws of the Mississippi Band of Choctaw Indians to "approve any sale, disposition, lease or encumbrance of tribal lands, [or] interests in lands...;" and

WHEREAS, the property in Jackson County may further be described as follows, to wit:

> That certain tract, piece or parcel of land situated in part of the NE1/4 of the SE1/4 of Section 19, Township 7 South, Range 7 West, Jackson County, Mississippi, and being more particularly described as follows: Commencing at the Southeast corner of the NE1/4 of the SE1/4 of Section 19, Township 7 South, Range 7 West and run West 136 feet to the West boundary of State Highway 57; thence run North, along the West boundary of said Highway, 506 feet for a Point of Beginning; and from said Point of Beginning run West 643 feet; thence run North 208 feet; thence run East 615 feet; more or less, to the West boundary of State Highway 57; thence run Southeasterly, along the West boundary of said Highway 209 feet, more or less, to the Point of Beginning. LESS AND EXCEPT: That strip of land on the East side thereof that has been conveyed to the State of Mississippi for widening of State Highway 57 by instruments dated November 15, 1966, and December 10, 1966, as recorded in Deed Book 302, at pages 233 and 612, respectively, and dated October 19, 1972, and recorded in Deed Book 446, at page 97 of the Land Deed Records in the office of the Chancery Clerk of Jackson County, Mississippi.

And

WHEREAS, the above-described lands are adjacent to tribal trust lands and *25 Code of Federal Regulations* provides at Section 151.3 that lands may be acquired for a tribe in trust status if "the property is located within the exterior boundaries of the tribe's reservation or adjacent thereto...."; now therefore be it

RESOLVED, that the Tribal Council does hereby authorize the Chief and Secretary-Treasurer to obtain an option on, and, if possible, purchase the above-described lands including all improvements at a price of ▮▮▮▮▮▮ plus brokerage fees and closing costs, with funds appropriated in the Tribal Budget; and be it further

RESOLED, that the Tribal Council does hereby authorize the above described lands to be used for economic development purposes consistent with federal and tribal law; and be it further

Resolution CHO 02-065(B),
03/15/02, Page 2

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior that the title to such lands purchased be in the name of the United States of America in trust for the Mississippi Band of Choctaw Indians; and be it further

RESOLVED, that the Tribal Council does hereby request the Secretary of Interior to declare the above-described lands to be part of the Mississippi Choctaw Indian Reservation.

## CERTIFICATION

I, the undersigned, as Secretary-Treasurer of the Mississippi Band of Choctaw Indians, certify that the Tribal Council of said Band is composed of 16 members, 13 of whom, constituting a quorum, were present at a Special Call meeting thereof, duly called, noticed, convened and held this 15th day of March 2002; and that the foregoing Resolution was duly adopted by a vote of 9 members in favor, 4 opposed, and 0 abstaining.

Dated this 15th day of March, 2002.

ATTEST:

_____          _____
Phillip Martin, Chief                     Harrison Bell, Secretary-Treasurer

RECOMMENDED:

_____          _____
Superintendent, Choctaw Agency            Date

**SHORTESS EXHIBIT C**

# PHELPS DUNBAR LLP
### COUNSELORS AT LAW

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

City Plaza · 445 North Boulevard · Suite 701
Baton Rouge, Louisiana 70802-5707
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
(225) 346-0285
Fax (225) 381-9197

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

JOHN B. SHORTESS
Baton Rouge Office
(225) 376-0207
shortessj@phelps.com

www.phelpsdunbar.com

23359-1

November 17, 2006

**VIA FAX (615-564-6701)**

Ms. Suzanne Langan, FOIA Coordinator
Bureau of Indian Affairs
545 Marriott Drive
Nashville, TN 37214

Dear Ms. Langan:

Earlier this month, we received the 13 pages that your office transmitted to us by letter dated November 1, 2006 in response to our FOIA request dated October 26, 2006, regarding the Mississippi Band of Choctaw Indians casino project. Based on my conversations with you prior to our written request, during which you described documents related to this project which were not included in the 13 page response, we believe the response is incomplete. Even the documents that were sent to us reference attachments to the fee-to-trust land transfer applications that were not included in the response.

In addition, based on experience with fee-to-trust land transfer applications by other tribes, we believe your office should be in possession of a great many additional records that would be responsive to our request.

I left voice messages for you on November 9th and November 15th to discuss this matter. I have not heard from you. Please call me upon receipt of this letter so we can work this out.

Sincerely yours,

PHELPS DUNBAR LLP

John B. Shortess

BR.488433.1

# SHORTESS EXHIBIT D



ROPES & GRAY LLP

ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650

BOSTON      NEW YORK      PALO ALTO      SAN FRANCISCO      WASHINGTON, DC      www.ropesgray.com

December 1, 2006

David O. Stewart
(202) 508-4610
David.stewart@ropesgray.com

BY HAND

Alexandria Mallus
FOIA Appeals Officer
U.S. Department of the Interior
MS-5312, MIB
1849 C Street, NW
Washington, DC 20240

Re: Freedom of Information Action Appeal

Dear Ms. Mallus:

I write pursuant to 43 C.F.R. § 2.28 to appeal two actions by the United States Department of the Interior, Bureau of Indian Affairs' ("the Department") in response to requests made pursuant to the Freedom of Information Act ("FOIA"):

- The effective denial of our August 3, 2006 request to the Department's FOIA Officer in Washington, DC for all information relating to any request by the Mississippi Band of Choctaw Indians ("the Tribe") that the Department take lands in the state of Mississippi into trust on behalf of the Tribe. (Attachment A)  After seventeen weeks, we have received no response to this request. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency has ten days to respond to a FOIA request; under 5 U.S.C. § 552(a)(6)(C), a violation of this timeframe is an effective denial the request.  Accordingly, we appeal the Department's effective denial of our August 3, 2006 request.

- The withholding of documents responsive to our October 26, 2006 FOIA request to the Department's FOIA Coordinator in Nashville, TN, for information relating to the proposed fee-to-trust land transfer and casino project referenced in the Federal Register on October 3, 2006.  (Attachment B)  That Federal Register notice referred to a specific proposal by the Mississippi Band of Choctaw Indians to develop a Class III casino on a site in Jackson County, Mississippi.  On November 1, 2006, the Department provided only 13 pages in response to this FOIA request, and gave no reasons for withholding other responsive materials. (Attachment C)  That the Department is withholding a number of undisclosed responsive documents is apparent from several factors, including: (i) the produced documents describe attachments that were not provided; (b) in

7236810_1

ROPES & GRAY LLP

Alexandria Mallus                        - 2 -                    December 1, 2006

conversation, the FOIA Coordinator described other documents that were not provided;
and (c) our experience with similar applications by other tribes persuades us that the
Mississippi Band submitted to the Department many more responsive materials in
connection with their proposed project. We submitted a follow-up letter on November
17, 2006, pressing the Department for further materials responsive to this FOIA request
(Attachment D), but have received no response.

We look forward to your prompt decision on this appeal.

Sincerely,

David O. Stewart

Enclosures

# SHORTESS EXHIBIT E



## United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2007-029

David O. Stewart
Ropes & Gray LLP
One Metro Center
700 12th St., NW, Suite 900
Washington, DC 20005-3948

JAN 0 8 2007

JAN 1 0 2007

Dear Mr. Stewart:

This concerns your December 1, 2006, Freedom of Information Act ("FOIA") appeal ("appeal"), which was received by the Department of the Interior ("Department") on the same date. The Department has assigned your appeal as **Appeal Number 2007-029.** Please cite this number in any future correspondence you send to the Department regarding this appeal. Your appeal challenges the adequacy of the search conducted by the Bureau of Indian Affairs ("BIA") for documents that are responsive to an October 26, 2006, FOIA request that was submitted to it seeking documents "related to the proposed 61 acre fee-to-trust land transfer in Jackson County, Mississippi, and proposed use of that land…for a casino project proposed by the Mississippi Band of Choctaw Indians."

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii).* The Department has not responded to your appeal within this time limit because of an extraordinarily large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances. Since the Department has not made a determination on your appeal within the time limits set in the FOIA, you may seek judicial review under *5 U.S.C. § 552(a)(4)(B).* However, we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination. We appreciate your patience to this point and the Department will make every effort to reach a decision on your appeal as soon as possible.

If you have any questions regarding your appeal, please call LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC | ) |
| ROPES & GRAY, LLP | ) |
| PHELPS DUNBAR, LLP | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )  Case Number: 1:07CV00446 |
|  | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR, | ) |
|  | ) |
| Defendant. | ) |

_____

## ORDER

It is hereby **ORDERED** that Plaintiffs' motion for summary judgment is

**GRANTED** and it is further **ORDERED** that Defendant make all requested records

available to Plaintiffs and it is further **ORDERED** that Defendant pay Plaintiffs' costs

and attorney's fees related to this action.


**SO ORDERED**


April __, 2007                          _____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

7250581_1