## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC; | ) |
| ROPES & GRAY, LLP; | ) |
| PHELPS DUNBAR, LLP, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number: 1:07CV00446(CKK) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

## ANSWER

Defendant United States Department of the Interior (the "Department"), through

undersigned counsel, hereby answers Plaintiffs' complaint:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this lawsuit.  No records have been

improperly withheld within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552.

**Third Affirmative Defense**

Plaintiffs have not established that they all have standing to bring this suit.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

**SPECIFIC RESPONSES**

1.    The first sentence of Paragraph 1 of Plaintiffs' complaint is denied. The second sentence constitutes Plaintiffs' characterization of their complaint, to which no response is required.

JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 of Plaintiffs' complaint constitute a legal conclusion to which no response is required.

3.    The allegations in Paragraph 3 of Plaintiffs' complaint constitute a legal conclusion to which no response is required.

PARTIES

4.    With respect to the allegations of the first sentence of Paragraph 4 of Plaintiffs' complaint, Defendant lacks sufficient knowledge to form a belief regarding their truth or falsity. Defendant admits that the Mississippi Band of Choctaw Indians has proposed the establishment of an off-reservation casino in Jackson County, Mississippi located near the intersection of Interstate 10 and Mississippi 57. Defendant lacks sufficient knowledge to form a belief regarding the truth or falsity of the remaining allegations of Paragraph 4.

5.    With respect to the allegations of Paragraph 5 of Plaintiffs' complaint, Defendant lacks sufficient knowledge to form a belief regarding their truth or falsity.

6.      With respect to the allegations of Paragraph 6 of Plaintiffs' complaint, Defendant

lacks sufficient knowledge to form a belief regarding their truth or falsity.

7.      The allegations of Paragraph 7 of the complaint are admitted.

<u>THE FOIA REQUESTS</u>

8.      With respect to the allegations of Paragraph 8 of the complaint, Defendant admits

that Ropes and Gray submitted a FOIA request dated August 3, 2006.  Defendant avers that the

FOIA request is the best evidence of its contents, and denies all inconsistent allegations.

Defendant denies that the request was submitted to the Department's FOIA Officer in Washington

D.C., and denies that the request was submitted on behalf of any named client of Ropes and Gray.

The second sentence of Paragraph 8 of the complaint is denied.

9.      With respect to the allegations of Paragraph 9 of the complaint, Defendant admits

that Phelps Dunbar submitted a FOIA request dated October 26, 2006 to the FOIA coordinator,

Bureau of Indian Affairs, Nashville, Tennessee.  Defendant avers that the FOIA request is the best

evidence of its contents, and denies all inconsistent allegations.  Defendant denies that the FOIA

request was submitted on behalf of any named client of Phelps Dunbar.  Defendant admits the

existence of the Federal Register notice dated October 3, 2006, titled "Notice of Intent to Prepare

an Environmental Impact Statement for Mississippi Band of Choctaw Indians' Proposed Fee-to

Trust Transfer and Casino Project, Jackson County, MS."  Defendant avers that the Federal

Register notice is the best evidence of its contents, and denies all inconsistent allegations.

10.      With respect to the allegations of Paragraph 10 of the complaint, Defendant admits

that it responded to the October 26, 2006 FOIA request by letter dated November 1, 2006, in

which Defendant provided thirteen pages of responsive documents.  Defendant denies the

remaining allegations of Paragraph 10 of the complaint.

11.     With respect to the allegations of Paragraph 11 of the complaint, Defendant admits that Phelps Dunbar submitted a FOIA request by letter dated November 17, 2006, to the FOIA Coordinator, Bureau of Indian Affairs, Nashville, Tennessee.  Defendant avers that the letter is the best evidence of its contents, and denies all inconsistent allegations.  Defendant denies the allegations of the second sentence of Paragraph 11 of Plaintiffs' complaint.  Defendant avers that by letter dated March 23, 2007, it responded in part to the November 17, 2006 FOIA request by providing the transcript of the Public Scoping Meeting the BIA held in Jackson County, Mississippi on October 18, 2006.  Defendant further avers that it advised Phelps Dunbar in this letter that "we are still working on responding to your firm's FOIA request filed in November 2006."

THE FOIA APPEAL

12.     Defendant admits the allegations of the first sentence of Paragraph 12 of Plaintiffs' complaint.  The second sentence of Paragraph 12 constitutes a conclusion of law to which no response is required.

13.     With respect to the allegations of the first sentence of Paragraph 13 of Plaintiffs' complaint, Defendant admits that it acknowledged the administrative appeal by letter dated December 18, 2006.  The remaining allegations of the first sentence of Paragraph 13 of Plaintiffs' complaint are conclusions of law to which no response is required.  Defendant avers that the FOIA Appeals Office, Department of the Interior, made a further response to the administrative appeal by letter dated January 12, 2007.  The last sentence of Paragraph 13 of the complaint constitutes a legal conclusion to which no response is required.

14.    With respect to the allegations of Paragraph 14 of the complaint, Defendant admits that the Department responded to the administrative appeal in a letter dated January 12, 2007. Defendant lacks sufficient knowledge to form an opinion as to the truth or falsity of Plaintiffs' allegation that they received the January 12, 2007 letter on January 16, 2007. Defendant admits that by letter dated January 29, 2007, the Acting FOIA Officer, Office of the Solicitor, advised Ropes and Gray that the FOIA request dated August 3, 2006, had been received as of December 18, 2006, and that the request would be processed. Defendant avers that the Department acknowledged the administrative appeal of the Bureau of Indian Affairs' response to the October 26, 2006 FOIA request by letters from the FOIA Appeals Officer, Department of the Interior dated January 8, 2007. Unless expressly admitted, all other allegations of Paragraph 14 of the complaint are denied.

<u>COUNT I</u>

15.    In response to the allegations of Paragraph 15 of the complaint, Defendant repeats its answers as set forth in Paragraphs 1-14, above.

16.    The allegations of Paragraph 16 of the complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 16.

        Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiffs' complaint that are not clearly and specifically admitted herein. Defendant denies that Plaintiffs are entitled to any of the relief requested in the complaint or any relief whatsoever.

        WHEREFORE, Defendant requests the Court enter judgment in its favor and against

Plaintiffs, that the complaint be dismissed in its entirety with prejudice, that Defendant recover its

costs in this action, and for such other relief as may be appropriate.

      Dated: April 11, 2007

                                  Respectfully submitted,


                                          /s/
                               _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                          /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


                                /s/ Robin M. Meriweather
_____

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Robin Friedman
United States Department of the Interior, Division of General Law

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2007, I caused the foregoing Answer to be served on Counsel for the Plaintiffs by the Electronic Case Filing system or, if I receive notice that electronic service fails, then by mail, postage prepaid, addressed as follows:

David O. Stewart
Peter M. Brody
ROPES & GRAY, LLP
700 12th Street, NW
Suite 900
Washington, DC 20005

_____/s/   Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114