# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC ) <br> ROPES & GRAY, LLP ) <br> PHELPS DUNBAR, LLP ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, ) <br> ) <br> Defendant. ) | Case Number: 1:07CV00446 |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S FIRST MOTION FOR EXTENSION OF TIME TO OPPOSE PLAINTIFFS' SUMMARY JUDGMENT MOTION

Plaintiffs Coast Businesses for Fair Play, Ropes & Gray, LLP, and Phelps Dunbar, LLP, oppose Defendant's First Motion for Extension of Time to Oppose Plaintiffs' Summary Judgment Motion.

Plaintiffs brought this action in order to obtain documents needed to facilitate the exercise of the democratic process in relation to a controversial casino project proposed by the Mississippi Band of Choctaw Indians in Jackson County, Mississippi. The Jackson County Board of Supervisors has approved a referendum relating to this massive proposed project for this autumn, yet the Tribe and Defendant have refused to provide any significant information about the Tribe's plans. As a result, the ability of citizens to participate meaningfully in the democratic process through public discussion and the future referendum is being inhibited by Defendant's prolonged failure to produce materials in its possession relevant to the proposed project.

The Freedom of Information Act requires Defendant to respond to a request within 20 working days from the date the request is received.  5 U.S.C. § 552(a)(6)(A)(i).  Despite this clear requirement, over eight months have passed since Plaintiffs submitted their August 3, 2006 FOIA request to Defendant, and Defendant has yet to make any substantive response.  FOIA also requires Defendant respond to any appeal within 20 working days from the date the appeal is received.  5 U.S.C. § 552(a)(6)(A)(ii).  It has now been over four months since Plaintiffs submitted their appeal regarding Defendant's lack of response to the August 3, 2006 request and inadequate response to the October 26, 2006 request, and Defendant still has not substantively responded to the appeal.

The government offers no explanation for these prolonged delays.  Moreover, the government does not dispute that it has in its possession a significant number of documents responsive to Plaintiffs' FOIA requests, documents that undoubtedly are germane to the ongoing proceedings concerning the subject casino development project.  Thus, Plaintiffs clearly are entitled to the summary judgment they seek, as well as the documents they have sought for over eight months.  There is no reason for further substantial delay in the resolution of that motion and this lawsuit.

Before filing its motion, the government contacted undersigned counsel to seek consent to an extension of time to respond to Plaintiffs' motion for summary judgment.  The government first sought consent to a 30-day extension.  Undersigned counsel reluctantly indicated that Plaintiffs would consent to such an extension.  The government then asked for consent to a 60-day extension.  Undersigned counsel informed the government that Plaintiffs would not agree to such a lengthy delay in the government's briefing of the summary judgment.

At this late date, a two-month extension in the briefing of the Plaintiffs' pending summary judgment motion is unnecessary, excessive, and will exacerbate the type of prejudice the Supreme Court recognized when it stated that FOIA is vital to the functioning of a democratic society by working to hold the government accountable. *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978), cited by *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cit. 2003).

Accordingly, Plaintiffs ask that this Court deny the government's motion. If the Court is inclined to afford the government any additional time to respond to the Plaintiff's summary judgment motion, Plaintiffs ask that the Court grant no more than a 30-day extension.

Dated: April 13, 2007                                        Respectfully submitted,


                                                              ___/s/_____

                                                              David O. Stewart
                                                              D.C. Bar No. 336339
                                                              Peter M. Brody
                                                              D.C. Bar No. 398717
                                                              ROPES & GRAY LLP
                                                              700 Twelfth Street, NW
                                                              Suite 900
                                                              Washington, DC 20005
                                                              (202) 508-4600