UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC; <br> ROPES & GRAY, LLP; <br> PHELPS DUNBAR, LLP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number: 1:07CV00446(CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY IN SUPPORT OF DEFENDANT'S FIRST MOTION FOR EXTENSION OF TIME TO OPPOSE PLAINTIFFS' SUMMARY JUDGMENT MOTION**

On April 12, 2007, Defendant United States Department of the Interior (the "Department") requested a 60-day extension of time for Defendant to oppose Plaintiffs' summary judgment motion, making said opposition due June 13, 2007. As explained therein, Defendant believes that this case should be resolved through the filing of dispositive motions. However, the default 11-day period for opposing motions will not give Defendant adequate time to prepare its opposition or a cross-motion for summary judgment. Therefore Defendant requests that the Court modify the deadline for opposing Plaintiff's summary judgment motion, and allow Defendant to submit its opposition and cross-motion for summary judgment on June 13, 2007.

I. **DEFENDANTS NEED A 60-DAY EXTENSION OF TIME TO COMPLETE THEIR REVIEW AND PREPARE A *VAUGHN* INDEX OF ALL WITHHELD DOCUMENTS.**

Defendant needs additional time to gather the facts and other materials necessary to oppose Plaintiffs' summary judgment motion and request that summary judgment be entered in

Defendant's favor, and to prepare a *Vaughn* index. The FOIA requests referenced in the complaint concern a proposal by the Missisippi Band of Choctaw Indians (the "Tribe") to develop a casino in Mississippi, and any request by the Tribe that lands be taken into trust on the Tribe's behalf. Documents responsive to those requests implicate two FOIA exemptions — exemption 4, 5 U.S.C. §552(b)(4), and exemption 5, *id.* § 552(b)(5).

Defendant has made a thorough search for responsive documents. To date, Defendant has identified approximately 1500 pages of documents responsive to the Phelps Dunbar FOIA request. *See* Peterson Decl. ¶ 12 (Exh. 1 hereto). Approximately 1200 of those pages are materials submitted by the Tribe, which constitute between 37 and 40 documents. *See id.* Defendant has identified approximately 300 pages (120 documents) of internal Bureau of Indian Affairs ("BIA") communications concerning realty and environmental studies that also are responsive to the Phelps Dunbar request. *See id.* ¶ 13.

To the extent the Ropes & Gray FOIA request can be read to encompass the Tribe's casino development proposal, the documents responsive to the Phelps Dunbar request also would be responsive to the Ropes & Gray FOIA request. Defendant has located approximately 40 pages of additional documents that are responsive to the Ropes & Gray FOIA request. *See* Friedman Decl. ¶ 4 (Exh. 2 hereto). Defendant is prepared to release those 40 pages of documents to Plaintiffs. *See* Friedman Decl. ¶ 4.

The 1200 pages of documents that involve the Tribe's casino development proposal and land-trust application(s) all must be reviewed for proprietary business and financial information under exemption 4. *See* Friedman Decl. ¶ 5. Federal regulations also require Defendant to consult with the Tribe before releasing any documents containing the Tribe's confidential

commercial or financial information, and to give the Tribe at least two weeks to review such documents before Defendant releases them to third parties. 43 C.F.R. § 2.23(a),(b). The fact that neither the Tribe nor the Tribe's attorneys are located in the same state as any Department office that may have responsive documents adds still more time to that process. *See* Peterson Decl. ¶ 23.

Department attorneys must review the 300 pages of internal BIA communications for privilege pursuant to exemption 5. *See* Friedman Decl. ¶ 5. The attorneys that will conduct that review are not located in the same state as the Nashville, Tennessee FOIA office at which the relevant documents are located. *See* Peterson Decl. ¶ 11. Those attorneys cannot communicate with the FOIA office via electronic mail. *See id.* Both factors will prolong the time necessary to complete exemption 5 review.

It is true that when counsel for Defendant first spoke to counsel for Plaintiffs, counsel sought consent for a 30-day extension of time. However, counsel has since learned that the relevant FOIA office has a heavy FOIA workload, is short-staffed, and has a backlog of complex FOIA requests. *See* Peterson Decl. ¶¶ 3, 6, 14. Accordingly, a 30-day extension of time would not give Defendant sufficient time to complete the review process that is necessary to prepare its *Vaughn* index, or to release any additional documents to Plaintiffs. Courts in this Circuit often give agencies additional time to complete their review of the requested records in circumstances such as these. *See, e.g.*, *Summers v. United States Dep't of Justice*, 733 F. Supp. 443, 444 (D.D.C. 1990); *Appleton v. FDA*, 254 F. Supp. 2d 6, 9 (D.D.C. 2003).

## II.   GRANTING AN EXTENSION WOULD NOT PREJUDICE PLAINTIFFS.

Granting this extension will not cause prejudice. Plaintiffs filed their summary judgment

motion shortly after they commenced this suit, indeed before Defendant's Answer was due. Even with a 60-day extension, both parties will have filed summary judgment motions within approximately three months of the initiation of this FOIA litigation. The briefs would be due in the summer, well in advance of the November 2007 referendum for which Plaintiffs profess to need the requested documents. If Defendant had asked to defer briefing until September or October, 2007, Plaintiffs might have a legitimate complaint. But that is not the case. Indeed, although the responsive documents implicate two FOIA exemptions, Defendant nonetheless expects to release additional documents to Plaintiffs by the end of June, 2007. *See* Mot. for Extension of Time ¶ 8.

If Plaintiffs had a critical need to have this FOIA litigation completed before summer 2007, they should have filed their FOIA complaint in this Court in January 2007, which is when Coast Business, LTD (the entity on whose behalf the instant FOIA requests purportedly were made) filed a FOIA complaint in the United States District Court for the Southern District of Mississippi. *See* Friedman Decl. ¶ 3. Alternatively, Plaintiffs could have filed the instant FOIA complaint immediately after the Mississippi action was dismissed on March 1, 2007. Their failure to do so belies their claim that their need for documents is so urgent that a delay of a few weeks would cause them serious harm.

WHEREFORE Defendant submits that its motion for a 60-day extension of time to oppose Plaintiffs' summary judgment motion should be granted.

Dated: April 23, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Robin M. Meriweather

ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Robin Friedman
United States Department of the Interior, Division of General Law

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2007, I caused the foregoing **Reply in Support of Motion for Extension of Time to Oppose Plaintiffs' Summary Judgment Motion** to be served on counsel for the Plaintiffs by the Electronic Case Filing system or, if I receive notice that electronic service fails, then by mail, postage prepaid, addressed as follows:

David O. Stewart
Peter M. Brody
ROPES & GRAY, LLP
700 12th Street, NW
Suite 900
Washington, DC 20005

    /s/   Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COAST BUSINESSES FOR FAIR PLAY, LLC )
ROPES & GRAY, LLP                    )
PHELPS DUNBAR, LLP                   )
                Plaintiffs, )
                             )
v.                                   )     Case Number: 1:07CV00446
                                     )
UNITED STATES DEPARTMENT OF THE      )
INTERIOR,                            )
                Defendant    )
_____ )

## DECLARATION OF DONNA L. PETERSON

I, Donna L. Peterson, declare and say:

1. I am the Freedom of Information Act (FOIA) Coordinator for the Department of the Interior, Bureau of Indian Affairs (BIA), Eastern Regional Office (ERO) located in Nashville, Tennessee. I have served as the FOIA Coordinator since January 2007. I have been employed by the BIA since March, 1991.

2. I make this declaration on the basis of my personal knowledge.

3. My position as the FOIA Coordinator is a collateral duty to my full-time position. Presently, I serve as the full-time Tribal Relations Specialist for the ERO Tribal Government Services Program (Program). My primary responsibility is to maintain accountable government-to-government relationships with the twenty-six (26) federally-recognized Indian tribes that are placed under the administrative jurisdiction of the ERO. I am responsible for providing expert advice to the Regional Director, Deputy Regional Director and Regional Branch Chiefs on matters relating to tribal government. I also provide technical assistance to tribes on matters relating to the function of tribal government programs including enrollment. I also serve as the Branch Chief of this Program which requires performing administrative duties such as preparation of program budgets; preparing special and periodic reports; file maintenance; and, human resources activities. My staff includes one Tribal Relations Specialist position, which is presently vacant.

4. In my capacity as the FOIA Coordinator, I coordinate the receipt and assignment of FOIA requests. I maintain a "FOIA" log which tracks the processing dates and assignments of the FOIA requests. I prepare the acknowledgement letters and the responses to the FOIA requests. The Regional Director or Deputy Regional Director signs all FOIA-related correspondence. In addition, I provide technical assistance

and guidance to the Branch Chiefs and their staff who are assigned a FOIA request. I contact FOIA requestors with questions regarding their requests. I also contact the Office of the Solicitor (SOL) for legal guidance with respect to the review of responsive FOIA documents.

5. The ERO currently has ten (10) open FOIA requests that are complex in nature and involve voluminous numbers of documents. At least two requests involve 50,000 to 60,000 pages of documents.

6. After my appointment to the position of FOIA coordinator, I attended 3 ½ days of FOIA and Privacy Act training during the week of January 24, 2007. At that time, I took all the outstanding ERO FY-07 FOIA requests to review with the FOIA instructor as part of the training. We reviewed the October 26, 2006, FOIA request filed by Mr. John B. Shortess of Phelps Dunbar LLP. The file contained the response letter dated November 1, 2006, signed by Scott C. Meneely, Acting Director, Eastern Region, to Mr. Shortess. According to the November 1 letter, thirteen (13) pages of documents were sent to Mr. Shortess. Also, in this file was a November 17, 2006, facsimile letter from Mr. Shortess to Ms. Suzanne Langan. Ms. Langan was the previous FOIA Coordinator. In the November 17, letter, Mr. Shortess acknowledged receipt of the 13 pages of documents. But he maintained that the "response is incomplete" and sought additional documents. The instructor and I determined that Mr. Shortess' November 17, 2006, letter should be treated as a new FOIA request.

7. Upon my return to my office from the FOIA training, I was preparing a response to Mr. Shortess. However, on February 2, 2007, I was notified by Ms. Laura Cloud, FOIA Officer for the Bureau of Indian Affairs, that Mr. David O. Stewart of Ropes & Gray LLP had filed an administrative appeal with Department FOIA Appeals Officer. This appeal involved the adequacy of the search for the documents related to the proposed 61 acre fee-to-trust transfer in Jackson County, Mississippi, and proposed use of that land, together with an adjacent 40 acre tract of land, for a casino project proposed by the Mississippi Band of Choctaw Indians.

8. In responding to the administrative appeal, the FOIA Appeals Officer asked the ERO for information regarding the extent of our search. Mr. Randall Trickey, ERO Realty Officer, and I prepared the response. I submitted the response to the FOIA Officer under the signature of Mr. Robert K. Impson, Deputy Regional Director.

9. In our response to the FOIA Appeals Officer, we stated the following:

> We have recently made the determination to treat the requestor's letter dated November 17, 2006, as a new request. The documents noted above, are approximately 1,500 pages that need to be reviewed and copied. There are still other documents that will need to be reviewed as well. Because of the voluminous amount of documents, we will need to address the issue of fees to the requestor

10. From about mid-January through the end of February 2007, I worked with counsel in SOL in responding to FOIA litigation filed in the Southern District of Mississippi from an entity called Coast Businesses. Coast Businesses had never submitted a FOIA request to the ERO. The lawsuit in the Southern District of Mississippi ultimately was voluntarily dismissed.

11. By letter dated March 23, 2007, signed by the Acting Director, ERO, I sent Mr. Kyle Moran of Phelps Dunbar LLP a copy of the transcript of the October 18, 2006, public hearing in Jackson County, Mississippi, on the Mississippi Band of Choctaw Indians' proposed casino. In the letter, I also advised Mr. Moran that we were continuing to work on his November 2006, FOIA request.

12. We have identified approximately 1500 pages of documents responsive to the November 17, 2006, FOIA request. Approximately 1200 pages of these documents were submitted by the Mississippi Band of Choctaw Indians in support of its casino application. There are between 37 and 40 separate documents in the Tribe's submission. We will need to determine whether any of these tribal documents include proprietary commercial or financial information that is subject to withholding under exemption 4 of the FOIA. Under the Department of the Interior's FOIA regulations, 43 C.F.R. 2.23, 2.24, the BIA is required to provide the Mississippi Band of Choctaw Indians the opportunity to review documents including commercial or financial information before making a decision on their release. I am advised that the Tribe has retained outside counsel to conduct this review. The law firm the Tribe has retained is located in Albuquerque, New Mexico. The law firm will need to be accorded the opportunity to comment upon the documents and to receive notice of the documents the BIA proposes to release.

13. Approximately 300 pages comprising what we estimate as about 120 separate responsive documents consist of internal BIA communications pertaining largely to realty and to environmental studies. These documents will need to be reviewed to determine whether any material is privileged under exemption 5 of the FOIA. Any documents or portions of documents that are privileged will need to be reviewed by agency counsel and an index prepared explaining the nature of the document and the reason for the withholding. BIA does not have counsel in Nashville. Attorneys with SOL in Washington, D.C. or Atlanta, Georgia, will assist in the privilege review. Because of a court order in unrelated litigation the BIA does not have the ability to e-mail SOL or the Mississippi Band of Choctaw Indians.

14. In light of the heavy FOIA workload of the ERO, the lack of staff, and the need to Coordinate our review of the responsive records with SOL and with the Tribe, I believe we can conclude our response to the pending FOIA requests within 60 days.

We will try to expedite our review, to the extent possible, and respond sooner. However, we cannot conclude the process by May 12, 2007.

In accordance with 23 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of April, 2007.

*Donna L. Peterson*
Donna L. Peterson
FOIA Coordinator
Eastern Regional Office, Bureau of Indian Affairs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COAST BUSINESSES FOR FAIR PLAY, LLC )<br>ROPES & GRAY, LLP )<br>PHELPS DUNBAR, LLP )<br>                                                                  )<br>                                       Plaintiffs,      )<br>                                                                  )<br>v.                                                              )<br>                                                                  )<br>United States Department of the Interior,     )<br>                                                                  )<br>                                       Defendant    )<br>                                                                  ) | Case Number 1:07CV00446 |

## DECLARATION OF ROBIN FRIEDMAN

1. I am an attorney with the Division of General Law, Office of the Solicitor, United States Department of the Interior. My responsibilities include advising on the Freedom of Information Act (FOIA) and serving as agency counsel in FOIA litigation. I am the agency counsel in this case.

2. I am familiar with the FOIA request dated August 3, 2006, submitted by Ropes and Gray to Terrie Musgrove. At the time of the request, Ms. Musgrove was the FOIA coordinator for the Office of the Solicitor, not the Department of the Interior. I am also familiar with the FOIA requests dated October 26, 2006 and November 17, 2006, submitted by Phelps Dunbar to the Eastern Regional Office, Bureau of Indian Affairs, Nashville, Tennessee.

3. I was agency counsel in a FOIA case filed in the Southern District of Mississippi in January, 2007 by an entity known as Coast Businesses, LTD. That FOIA case concerned the August 3, October 26 and November 17, 2006, FOIA requests discussed above. Coast Businesses, LTD, did not submit the August 3, October 26, or November 17, 2006 FOIA requests discussed above. The United States filed an answer and a motion to dismiss the litigation, and the case was voluntarily dismissed early in March, 2007. The filing of this litigation in the Southern District of Mississippi in the name of a party without standing has been an important factor in delaying the agency's response to the FOIA requests submitted by Ropes & Gray and Phelps Dunbar.

4. The Office of Indian Gaming, BIA, Washington, D.C. has searched its files and found approximately 40 pages of responsive documents that we are prepared to release to the plaintiffs. We are also searching the Office of the Assistant

Secretary – Indian Affairs and the BIA Realty Office Washington, D.C. for responsive documents. Because the August 3, 2006, request was submitted to the Office of the Solicitor, we are also searching the Division of Indian Affairs, Washington, D.C., and the Atlanta Regional Office for responsive documents. These offices are unlikely to possess a large number, if any, responsive records. These searches should be completed within two weeks of the date of this Declaration.

5. As set forth in the Declaration filed by Donna L. Peterson, the Eastern Regional Office, BIA has identified approximately 1500 pages of responsive records. These records will need to be reviewed for privilege under exemption 5 and for proprietary business and financial information under exemption 4. The Mississippi Band of Choctaw Indians will need to be consulted on the exemption 4 review. I will be working with the Eastern Regional Office to expedite the review and release of the documents. I do not believe that review process can be completed by May 12, 2007.

In accordance with 23 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of April, 2007.

Robin Friedman
Senior Attorney, Division of General Law
Office of the Solicitor

2